John Doupe, Appellant, *v.* Sidney C. Genin, Respondent.

Where a building has been injured by fire, the landlord cannot be compelled to rebuild or repair it for the benefit of his tenant, unless he has expressly covenanted to do so; and this rule applies as well to a tenant who has hired a portion of the building which is not directly injured by the fire, as to the lessee of the whole building or of the part destroyed.

Accordingly, where the roof and upper story of a building were partly destroyed by fire, and damage resulted to a tenant occupying the basement, by reason of the delay in repairing the roof.—*Held* error to charge the jury that it was the duty of the landlord to proceed with due diligence after the fire to put on the roof and protect the tenant's property from the weather, and that he was liable for any delay in so doing.

No such duty arises either from an implied covenant, or from the principle that the landlord, as the owner of the upper portion of the building, must so use it as not to injure the basement rented to the plaintiff.

(Argued February 16th; decided February 21st, 1871.)

Appeal from an order of the General Term of the Superior Court of New York, reversing a judgment entered upon a verdict and ordering a new trial.

Action to recover damages for injuries to the plaintiff's goods and loss to his business from the omission of the

defendant to repair the roof of the premises occupied by the plaintiffs.

The defendant demised to the plaintiff, to be used in carrying on the upholstery business, the store and basement (except the right to the other tenants to use the basement stairs), of the premises No. 707 Sixth avenue, New York. There was a provision in the lease that in case the premises should be so damaged by accidental fire as to make them untenantable for more than thirty days, the rent should, at the option of the plaintiff, cease.

The upper part of the building was under lease to a man named Trenor, and was in his occupation. On February 1st, 1867, a fire broke out in an adjoining building, and spread to the building in question, and destroyed the greater part of the roof, and otherwise injured the upper portion of the building, though that portion leased to the plaintiff was uninjured.

The effect of the fire was to leave the plaintiff's premises untenantable. The defendant, soon after the fire, commenced to restore the building, but the work was not completed till March 17th or 18th, and in the meantime the plaintiff's goods were damaged, and he offered evidence to show that he had suffered in his business.

The jury gave a verdict for the plaintiff, but on appeal to the General Term from the judgment entered thereon, the judgment was reversed and a new trial ordered, from which decision of the General Term the plaintiff appeals to this Court giving the usual stipulation.

The charge of the judge sufficiently appears in the opinion of the court.

*Abram Wakeman*, for the appellant, that the principle of "*sic utere tuo*," etc., applied. (Broom's Legal Maxims, 520, pp. 365, 367, 368; *Pixley* v. *Clark*, 35 N. Y., 520; *Ryland* v. *Fletcher*, 3 H. & L., 341; *Van Houten* v. *Coventry*, 10 Barb., 519.) That it was not essential that the defendant's conduct should have been with intent to injure.

(Broom's Legal Maxims, 268; *Hay* v. *Cohoes Co.*, 2 N. Y., 160; *Van Pelt* v. *McGraw*, 4 N. Y., 110; *Pixley* v. *Clark, supra;* Taylor Landlord & Tenant, §§ 197–202.) The defendant used his own property negligently to the injury of the plaintiff. (*Beyth* v. *Birm. Water-works Co.*, 11 Exch., 184; *Benton* v. *Suarez*, 19 Abb., 61; *Eakin* v. *Brown*, 1 E. D. Smith, 36–43; *Bagnall* v. *London, &c., R. Co.*, 7 H. & N., 423, 448; S. C. affd. 7 H. & C., 544; *Good* v. *Cockrell*, 17 Cal. R., 97). That protection to the roof was implied in the letting. (*Mayor* v. *Mabie*, 13 N. Y., 151; *Edgerton* v. *Paige*, 20 N. Y., 516; *Graves* v. *Berdan*, 26 N. Y., 498; *Stockwell* v. *Hunter*, 11 Metcalf, 455; *Roberts* v. *Haines*, 6 El. & Bl., 643–653; *S. C.*, 7 id., 625; *Humfries* v. *Brogden*, 12 Q. B., 739; Sherman & Redfield on Negligence, p. 61, § 56; *Eakin* v. *Brown*, 1 E. D. Smith, 36, 44; *Eagle* v. *Swanzee*, 2 Daly, 140; Holt N. P., 7.)·

*Jno. E. Parsons*, for respondent, that there was no obligation to repair. (*Howard* v. *Doolittle*, 3 Duer, 464; *Sherwood* v. *Seaman*, 2 Bosw., 127; *Mumford* v. *Brown*, 6 Cow., 475; *Carter* v. *Rockett*, 8 Paige, 437; *Hallet* v. *Wylie*, 3 Johns., 44; *Willard* v. *Tillman*, 19 Wend, 157; *Pomfret* v. *Ricroft*, 1 Saunders, 321; *Pindar* v. *Rutter*, 1 Term R., 312; *Leeds* v. *Cheetham*, 1 Simon R.. 146; *Belform* v. *Wesden*, 1 Term R.,· 314; *Weigale* v. *Waters*, 6 Term. R., 488.) That the defendant's ownership of the rest of the building imposed upon him no duty toward the defendant. (*Mayor* v. *Corlies*, 2 Sand., 301; *Cheetham* v. *Hampson*, 4 T. R., 318; *Teall* v. *Barton*, 40 Barb., 137; *Calkins* v. *Barger*, 44 id., 424.) A covenant of quiet enjoyment only applies to title. (3 Hill, 330; 3 Duer, 464; Anon. Lofft., 460; 3 T. R., 584; 19 C. B., N. S., 246).

Rapallo, J. This case appears to have been very fully considered at the General Term; and we concur in the conclusion there arrived at. The judge, for the purposes of the trial, charged the jury, in substance, that it was the duty of

the defendant to proceed with diligence, after the occurrence of the fire, to put on the roof and save the plaintiff's property from the storms, and that he was liable to pay the damage caused by any improper delay in so doing. Unless the law devolved this duty on the defendant, by reason of his demise to the plaintiff of the lower floors, or by reason of his ownership of the residue of the building, this charge cannot be sustained. The jury were not limited to an inquiry into the alleged misfeasance of the defendant in making the repairs after he began to do so, or into the alleged promise made by him subsequently to the fire, both of which allegations were controverted; but they were positively instructed, as matter of law, that it was his duty, immediately after the occurrence of the fire, to proceed with due diligence to put on the roof, and that he was liable in damages, if he neglected to do so. The fire took place on the 1st of February. At that time, one Trenor was lessee of the upper part of the building, and he continued to be such tenant, and to pay rent, until after the repairs were completed. The repairs were begun on the 19th February. The plaintiff occupied the rooms under Trenor's and the basement. The lease to the plaintiff contained no covenant on the part of the landlord to repair, but did contain a stipulation that, if the premises should be so damaged by accidental fire as to make them untenantable for more than thirty days, the rent should cease, at the option of the plaintiff, until the same should be repaired.

It is not claimed that, if the plaintiff had been the lessee of the entire building, the defendant would have been under any obligations to repair; there being no covenant on his part so to do. It is well settled that there would have been no such obligation. But it is claimed that, in this case, the duty arose from the fact that the plaintiff's premises were rendered untenantable by reason of damage to a part of the building not occupied by him, and which served as a protection to his premises, and that there was an implied covenant that such protection should continue, and also that, independently of any obligation resulting from the lease, the defendant, as

owner of the part of the building not occupied by the plaintiff, was bound, according to the maxim, " *sic utere tuo ut alienum non lœdas,*" to keep his own part of the premises in such condition as to prevent injury to the plaintiff's premises.

In so far as the plaintiff's claim rests upon the supposed obligation of the defendant as lessor, it has no foundation in principle. When a building has been injured by fire, the landlord cannot be compelled to rebuild or repair it for the benefit of his tenant, unless he has so covenanted. And he owes no greater obligation to one, the use of whose tenement is impaired in consequence of the fire, than to one whose premises are destroyed, or directly injured by it. The doctrine contended for by the respondent was once broached in the case of *Pomfret* v. *Ricroft* (1 Wm's. Saunders, p. 322, 4th ed.), where RAINSFORD, J., expressed the opinion, that " if a man demise by deed a middle room in a house, and afterward will not repair the roof, whereby the lessee cannot enjoy the middle room, an action of covenant lies for him against his lessor." But the judgment in the case in which that opinion was expressed was reversed in the Exchequer chamber (1 Saund., 323); and Sergeant Williams, in his note (1 Saund., 322), considered that the principle of that case establishes that without an agreement, the landlord would not be bound to repair the roof, nor subject to an action for not doing so, but that the tenant might himself repair the roof as incident to the demise. The authorities upon which this opinion of RAINSFORD, J., was supposed to have been founded are disapproved in 1 Salkeld, 361, and are explained in note 1 above cited. See also, the dissenting opinion of TWYSDEN, J., in the above case, which was considered by SAUNDERS the better opinion, and which was sustained by the Court of Exchequer Chamber.

The case of *Graves* v. *Berdan* (26 N. Y., 498), cited by the respondent, holds that a tenant was not, even before the act of 1860 (chapter 345), bound to pay rent where he had no term in the land, but only in rooms in a building, and the support of his rooms, as well as the rooms themselves, were

destroyed by fire. Such was not the case here; but if it were, that case only goes to the liability of the tenant for rent, and does not hold that the landlord would be liable in damages, if he neglected to restore the support.

The second ground upon which the respondent seeks to sustain the charge is equally untenable. Independently of the objection that Trenor, the tenant of the upper part of the building, was the only party liable for any misuse of that part, at least from the 1st of February to the 19th, when the landlord entered to make the repairs, the maxim "*sic utere tuo,*" etc., cannot be invoked in support of this charge. The judge instructed the jury that it was the duty of the defendant to proceed with due diligence, after the fire, to put on the roof and save the defendant's property from the storm. The jury were, by the charge, authorized to compensate the plaintiff for the damage caused by the simple omission of this supposed duty, and the consequent want of protection to the plaintiff's premises from the weather. The jury were not confined to injuries resulting from acts done on the defendant's premises, or from negligence in the process of making the repairs, or from any use made by the defendant of his own part of the premises, or from injury *caused* by any structure in that part of the premises. It is to such cases that the maxim applies. A man has no right so to construct his building, or to allow it to be in such a condition as to *cause* the water which falls upon it to flow upon his neighbor's premises; he is bound to protect his neighbor against injury caused by his own structures or resulting from his use of his own property. But in the absence of a contract, there is no principle upon which he can be held bound to erect any structure for the purpose of protecting his neighbor from the inclemency of the weather, or to replace any structure upon his own premises which has been destroyed, because while it existed it afforded such protection. There is no ground, therefore, upon which the defendant can be held liable for the simple omission to protect the plaintiff's property by replacing the roof. The plaintiff had the right to remove from the

premises and cease paying rent till they were repaired; but he had no right to compel the defendant to protect him in remaining with his goods in the building in its exposed condition.

The judgment of the General Term and the order granting a new trial must be affirmed, and judgment absolute entered against the plaintiff pursuant to his stipulation, with costs.

All concurring except ALLEN, J., who, not having heard the argument, did not vote.

Judgment accordingly.