ESTHER DONNER, by Her Guardian, etc., Respondent, *v.* CLINTON OGILVIE and IDA M. INGERSOLL, Individually and as Executors, etc., of WILLIAM H. OGILVIE, Appellants, Impleaded with BENJAMIN F. HAHN and HENRY SCHUMACHER.

*Landlord and tenant — a landlord is not liable for injuries arising from the demised premises being simply unsafe*

The defendants Ogilvie and Ingersoll, being the owners of certain real estate in the city of New York, consisting of a tenement-house occupied by a number of families, leased the same to the defendants Hahn and Schumacher for a term of years. While, as alleged in the complaint, the premises were in the possession of the defendants (no particular defendants being specified) certain rooms therein were let and rented to the plaintiff's father from month to month. There was a platform in front of these rooms, about fourteen feet above the yard, which was necessarily used in ingress and egress to and from the demised rooms, and was intended for use in connection therewith; this platform was in an unsafe condition. The plaintiff, an infant under fourteen years of age, fell therefrom and was injured, and to recover the damages arising from such injury this action was brought.

The defendants Ogilvie and Ingersoll demurred to the complaint which set forth the foregoing facts.

*Held,* that as it was not charged that the last-named defendants knew, or had reason to know, the platform to be dangerous for any use for which the premises were let, and failed to disclose its condition, or that they had agreed to repair it or make it safe, and omitted to do so, that they were not liable for the damages which had resulted to the plaintiff

That the averments of the complaint were not sufficient to show that the platform was in such a condition as to make it a nuisance, for the effects of which the defendants might continue responsible after the letting, as a structure may be unguarded and unsafe and dangerous for the use of a child and yet not be a nuisance.

That no warranty is implied on the part of the lessor of a dwelling that it is safe and convenient; and where a landlord has created no nuisance, and is guilty of no willful wrong, or fraud or culpable negligence, he is not liable for any injury suffered by any person occupying or coming upon the premises during the term of the lease thereof.

Appeal from an interlocutory judgment overruling a demurrer interposed to an amended complaint.

*Alfred B. Cruikshank,* for the appellants.

*A. J. Dittenhoefer,* for the respondent.

Bartlett, J. :

The contents of the amended complaint in this action may be summarized as follows. The defendants Ogilvie and Ingersoll owned and controlled the premises 94 Sheriff street, in the city of New York, which consisted of a rear tenement-house occupied by a number of tenants. Prior to April 22, 1887, they leased these premises to the defendants Hahn and Schumacher for a term of years. While the premises were in the possession of the defendants (no particular defendants being specified) certain rooms therein were let and rented to the plaintiff's father from month to month at an agreed rent, without any covenant by the tenant to repair. The rooms were occupied by the parents of the plaintiff, with whom she, being an infant under fourteen years of age, resided. Immediately in front of the rooms was a platform about fourteen feet above the yard, and necessary to be used for ingress and egress to and from the rooms, and intended for use in connection with the rooms. When leased by the defendants Ogilvie and Ingersoll to the defendants Hahn and Schumacher the platform was in the same condition as at the time of the accident, which is the subject-matter of the action. The defendants negligently failed to properly guard or protect the platform, and permitted it to become and remain in an improper, unsafe and dangerous condition, so that the plaintiff, on April 22, 1887, while in the proper and lawful use of the rooms and platform, without contributory negligence, fell from the platform into the yard below, solely because of the negligence of the defendants, and the improper unsafe and negligent manner in which the said platform was constructed, guarded and kept, and its unsafe, improper and dangerous condition. The plaintiff sustained severe and permanent injuries, to her damage $15,000.

This, I think, is a fair statement of the substance of the complaint. The defendants Ogilvie and Ingersoll have demurred on the ground that the complaint does not state sufficient facts to constitute a cause of action, and have appealed from an interlocutory judgment at Special Term overruling their demurrer. The first impression gained from reading over the complaint is that the pleader intended to allege a letting of the entire premises by the defendants Ogilvie and Ingersoll to the defendants Hahn and Schumacher, whereby the former parted entirely with all control over the property, and that

the letting to the plaintiff's father was by the defendants Hahn and Schumacher alone. But the learned counsel for the defendant argues that the allegation in the seventh paragraph that the premises were in the possession of the "defendants" when the rooms were let to the plaintiff's father means that they were in possession of all the defendants, and hence that all are liable for the condition of the platform which resulted in the plaintiff's injuries. It might be said in answer to this that the complaint does not really allege a letting by any of the defendants, for it does not necessarily follow from the averment that the defendants were in possession of the premises when certain rooms were rented, that they themselves were the parties with whom the tenant made his contract. We will not dispose of the case, however, upon any such refinements, but will adopt the view most favorable to the plaintiff, which is that the complaint alleges a letting to the father *by all the defendants.* Assuming that the father thus stands in the direct relation of tenant to all the defendants, let us inquire whether they can be held liable for injuries to his child by reason of the unsafe, unguarded and dangerous condition of the platform in front of his rooms at the time of the letting.

It is not charged that the defendants knew, or had reason to know, the platform to be dangerous for any use for which they let it, and failed to disclose its condition, or that they had agreed to repair it or make it safe, and omitted to do so. Hence they cannot be deemed liable, under the rule which was applied in *Carson* v. *Godley* (26 Penn. St., 111), where the defendant let a storehouse with the knowledge that it was unfit for the uses to which the lessees manifestly intended to put it, and omitted to insert any word of caution or restraint in the lease. Nor can the defendants be regarded as negligent under the authority of *Davenport* v. *Ruckman* (37 N. Y., 568, 574), where it appeared that there was an express agreement by the lessor to put the premises in repair, which agreement had not been kept. Neither do the averments of the complaint suffice to make out such a condition of the platform as to amount to a nuisance, for the effects of which the defendants might continue responsible after the letting. A structure may be unguarded and unsafe, and dangerous for the use of a child, and yet not be a nuisance.

In *Bold* v. *O'Brien* (12 Daly, 160) the landlord of a tenement-

house was held to be liable for an injury to his tenant arising out of a defect in a portion of the premises outside that occupied by the plaintiff, and over which the landlord retained control; and it is sought to bring this case within the principle of that and other similar decisions. But here it is not alleged that any of the defendants retained control over the platform, and, indeed, there is a distinct intimation to the contrary in the averment that the structure was immediately in front of the rooms rented to the plaintiff's father, and was intended for use in connection therewith. This would rather imply that the platform was let to him with the apartments.

There appears to be nothing then to take the case at bar out of the ordinary rule that no warranty is implied on the part of the lessor of a dwelling that it is safe and convenient. (*Jaffe* v. *Harteau*, 56 N. Y., 398.) The law which should control the disposition of this demurrer is stated with such perfect clearness in *Edwards* v. *New York and Harlem Railroad Company* (98 N. Y., 245, 249) that we need only quote a few sentences from that case : "If a landlord lets premises and agrees to keep them in repair, and he fails to do so, in consequence of which anyone lawfully upon the premises suffers injury, he is responsible for his own negligence to the party injured. If he demises premises knowing that they are dangerous and unfit for the use for which they are hired, and fails to disclose their condition, he is guilty of negligence which will in many cases impose responsibility upon him. If he creates a nuisance upon his premises, and then demises them, he remains liable for the consequences of the nuisance as the creator thereof, and his tenant is also liable for the continuance of the same nuisance. But where the landlord has created no nuisance, and is guilty of no willful wrong or fraud or culpable negligence, no case can be found imposing any liability upon him for any injury suffered by any person occupying or going upon the premises during the term of the demise."

None of the authorities cited by the respondent are in conflict with this statement of the law, and if they were, they would have to yield to it, as the latest utterance of the court of last resort on the subject.

The interlocutory judgment must be reversed, and the appellants

must have judgment on their demurrer, with costs, with leave to the plaintiff to amend on the usual terms.

VAN BRUNT, P. J., and MACOMBER, J., concurred.

Judgment reversed and judgment ordered for appellants on demurrer, with costs, with leave to plaintiff to amend on usual terms.