DONNER v. OGILVIE et al.

(Supreme Court, General Term, First Department.  June 19, 1888.)

Appeal from special term, New York county.

Action by Charles Donner against Clinton Ogilvie and Ida M. Ingersoll, individually, and as executrix of William H. Ogilvie, deceased.  Defendants appeal.

Argued before VAN BRUNT, P. J., and MACOMBER and BARTLETT, JJ.

Alfred B. Cruikshank, for appellant.  A. J. Dittenhoefer, for respondent.

PER CURIAM.  Judgment reversed, and judgment ordered for appellant on demurrer, with costs, and with leave to plaintiff to amend on usual terms, on opinion in Donner v. Ogilvie, 1 N. Y. Supp. 633, (decided herewith.)

---

TWENTY-THIRD STREET R. CO. v. MAYOR, ETC., OF THE CITY OF NEW YORK.

(Supreme Court, General Term, First Department.  June 19, 1888.)

Appeal from special term, New York county.

David J. Dean, for appellant.  S. B. Clark, for respondent.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

PER CURIAM.  Order reversed, with $10 costs and disbursements, and preliminary injunction vacated on opinion in Broadway & S. A. R. Co. v. Mayor, (1 N. Y. Supp. 646,) decided herewith.

---

LENNON v. STILES.

(Supreme Court, Special Term, New York County.  June 6, 1888.)

SPECIFIC PERFORMANCE—CONTRACT—FRAUD.

   Plaintiff contracted with defendant, a widow in feeble health, residing in Massachusetts, through her son-in-law, to exchange two houses belonging to him for income-paying real estate.  A real-estate broker had informed the son-in law that one of the houses was well rented, and had procured S., a pretended purchaser for one of the houses.  The broker had gone to the son-in-law in relation to the sale to S. at the suggestion of the plaintiff.  The houses were not rented, but heavily mortgaged.  Held, that a specific performance of the contract would not be enforced.

Action for specific performance.

E. J. Spink, for plaintiff.  Jerome Buck, for defendant.

INGRAHAM, J.  In actions for the specific performance of a contract to convey land, granting the relief asked for rests in the discretion of the court, and if for any reason the contract is unfair or unreasonable, or in consequence of the relation of the parties to the contract or the circumstances of the case, an unfair advantage has been taken, or where for any reason the enforcement of the contract would be against conscience and justice, specific performance will be refused.  Thus, in Seymour v. Delancy, 3 Cow. 521, SAVAGE, C. J., states the rule to be "that on the question of decreeing specific performance of executory contracts the court of chancery must exercise its discretion; not an arbitrary, but a sound judicial, discretion.  If the contract be free from objection, it is the duty of the court to decree performance.  But if there are circumstances of unfairness, though not amounting to fraud or oppression, or if the inadequacy of consideration be so great as to render the bargain hard and unconscionable, on either ground the court may refuse its aid to enforce the contract, and leave the parties to contest their rights in a court of law."  And SUDAM, senator, says: "I also admit that the party claiming the specific performance must present a case fair, just, and reasonable; that the contract must be founded on adequate consideration; and that it must be free from