(18 Misc. Rep. 1.)

### HAND v. SHAW et al.

(Supreme Court, Appellate Term, First Department.  September 28, 1896.)

CONTRACTS—INTERPRETATION.
    A contract that defendants will pay to plaintiff a certain sum "in trade," the amount "to be deducted from merchandise to be sold for a proposed new hotel other than has been estimated or contracted for at this time," does not entitle plaintiff to such deduction unless at the time of making the purchase he notified defendants that the goods were intended for a proposed new hotel.

Appeal from city court of New York, general term.

Action by Elwood S. Hand against William A. Shaw and James K. Shaw for breach of contract.  A judgment in favor of plaintiff was affirmed by the city court (38 N. Y. Supp. 965), and defendants appeal.    Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

John Henry Hull and D. J. Newland, for appellants.
Chas. De Hart Brower, for respondent.

BISCHOFF, J.    The defendants were dealers in crockery, china and glass ware, and the action proceeded as one for damages for their alleged breach of contract in having, by their refusal to sell merchandise, at the plaintiff's solicitation, "for a proposed new hotel," prevented the event upon the occurrence of which the latter's right to payment, under the provisions of the following written contract, dated October 19, 1889, for the advertisement therein alluded to, was dependent, viz.:

"In consideration of the insertion of our advertisement to occupy one page, a copy of which we will furnish, in the book descriptive and illustrative of the Hotel Iroquois, Buffalo, New York, we promise to pay to the order of E. S. Hand, two hundred and thirty-five dollars, in trade, after publication of and the delivery to us of a specimen copy of the same. This amount to be deducted from merchandise to be sold for a proposed new hotel other than has been estimated or contracted for at this time, and is not transferable to any account without our consent."

Besides denying any breach of contract upon their part, the defendants, as a further defense, interposed that they were induced to make the contract by material misrepresentations upon the plaintiff's part. After the parties had, at the trial, severally ceased the introduction of evidence, it appeared in support of the action that the advertisement was published, and a specimen copy of the book delivered to the defendants, as agreed; that thereafter, in July, 1894, the plaintiff had called at the defendants' place of business, and selected from among their stock merchandise of the value, at the aggregate of the prices fixed for the several items, of $241.15; that he had offered to purchase such merchandise by crediting the defendants with $235 in payment for the advertisement, and paying the excess of the purchase money in cash; and that the defendants had declined and refused to accede to his offer upon the terms suggested. It further appeared, from the plaintiff's testimony, that at the time of his offer to purchase the merchandise selected by him, he contemplated the erection of a hotel at Southport, Conn., to which end he had secured building material, and caused plans to be prepared, and that the merchandise was designed by him for such hotel; but it did not in any wise appear that he had at any time apprised the defendants, or that the latter knew that the merchandise last alluded to was intended by the plaintiff "for a proposed new hotel," or any hotel whatever, at Southport, or elsewhere. It was conceded that the language "estimated or contracted for" applied to an estimate or contract by the defendants. Such being the state of the evidence, the defendants' counsel moved the dismissal of the complaint, upon the specific ground, among others, that there was a failure of proof with regard to any breach of contract upon the defendants' part, in that "there could not be a breach until some proposed new hotel was brought to the attention of the defendants, and it was shown to them that the merchandise that plaintiff claimed was to be deducted from the amount of merchandise that they had sold the hotel," which we understand to imply that no breach of contract upon the defendants' part was apparent from their refusal to sell merchandise to the plaintiff in the absence of evidence showing or tending to show either that the defendants knew or that they had been apprised of the plaintiff's design of the merchandise, which he had offered to purchase, "for a proposed new hotel." We are of the opinion that the defendants' motion upon the ground alluded to above was forceful, and that the exception which was taken to its denial presents error for which the several judgments of the court below must be reversed.

The defendants' promise to pay for the advertisement was conditioned upon their receiving an order for merchandise "for a pro-

posed new hotel" other than a hotel "estimated or contracted for" when the contract was made, and they were entitled to notice from the plaintiff, when he gave the order, that the merchandise was "for a proposed new hotel," and of the particular "proposed new hotel" for which such merchandise was intended. We grant that the defendants' promise to pay for the advertisement out of merchandise, or the avails of merchandise "to be sold" by them "for a proposed new hotel," precluded them, except for reasonable cause, from declining or refusing to make such a sale, when solicited by the plaintiff, in good faith, so to do. But the sale of merchandise which the defendants were required to undertake for the maturity of the plaintiff's right to payment for the advertisement was one "for a proposed new hotel" other than a hotel, which, at the time of the making of the contract, had been "estimated or contracted for" by them. The inevitable meaning conveyed by this language of the contracting parties made notice by the plaintiff to the defendants of the former's design of the merchandise "for a proposed new hotel," and of the particular "proposed new hotel" for which the merchandise was designed, obligatory when the sale was solicited. The duty to give such notice arose by necessary implication, and its performance was, therefore, a condition precedent to the plaintiff's right to insist upon the sale. By no other means could the defendants have known, as they had a right to know, before concluding the sale, that the merchandise was designed "for a proposed new hotel," and that the "proposed new hotel" was not one for which they had "estimated or contracted" at the time they made the contract for the alleged breach of which this action was brought.

The defendants' promise was twofold: to sell merchandise "for a proposed new hotel" other than a hotel "estimated or contracted for" by them when they made the contract, and not of such merchandise, or the avails of the merchandise upon such a sale, to pay the plaintiff for the advertisement. Performance of the promise to sell was made to precede performance of the promise to pay. The occurrence of two events, therefore, was requisite to the maturity of the defendants' dual promise,—the opportunity for a sale of the kind described, and the sale; and without evidence of the occurrence of these events, or the prevention of either by the act of the defendants, no cause of action upon the latter's promise to pay, or for a breach of contract upon their part, was extant. As before stated, this action was not predicated of the maturity of the defendants' promise to pay for the advertisement by reason of the occurrence of the events upon which such maturity was made to depend, but of the defendants' alleged prevention of the occurrence of such events by their refusal to sell merchandise, as agreed, "for a proposed new hotel" other than a hotel "estimated or contracted for" by them at the time mentioned, when the plaintiff furnished opportunity for such a sale. Obviously, if the plaintiff omitted the performance of the condition precedent to his right to insist upon a sale by the defendants, notice by him to them, at the time of the solicitation of the sale, that the merchandise was designed "for a proposed new hotel," and of the particular "proposed new hotel,"

the defendants were not required to make the sale, and their refusal to sell was not, therefore, a breach of contract upon their part. Without such notice, the defendants could not be said to have had opportunity for such a sale; and the plaintiff's withholding of the notice was, in effect, an act of prevention by him of the defendants' performance of their obligation to sell; and so the defendants were not chargeable with a prevention of the event upon the occurrence of which their promise to pay for the advertisement and his right to insist upon such payment were made to mature. The opportunity for a sale of merchandise by the defendants, to or through the plaintiff, "for a proposed new hotel" other than a hotel "estimated or contracted for" by the former at the time when the contract was made, was an event the occurrence of which was a fact peculiarly within the latter's knowledge; and without notice from the plaintiff, therefore, the defendants were without the means of knowing that the period for the performance of their obligation to sell had arrived, or the opportunity was at hand. Upon principle, as well as authority, the giving of notice of such occurrence by the plaintiff was, under the circumstances, a condition precedent to the maturity of the defendants' promise to sell merchandise "for a proposed new hotel" other than a hotel "estimated or contracted for" by the defendants when the contract was made, and out of the merchandise so sold, or the avails of such merchandise, to pay the plaintiff's demand for the advertisement, although such notice was not expressly provided for. "As a general rule," says the author of Benjamin on Sales (4th Am. Ed., § 577), a man who binds himself to do anything on the happening of a particular event is bound to take notice, at his own peril, and to comply with his promise when the event happens. But there are cases in which, from the very nature of the transaction, the party bound on a condition of this sort is entitled to notice from the other of the happening of the event on which the liability depends. * * * And it seems that this is the true test, viz.: that if the obligee has reserved any option to himself by which he can control the event on which the duty of the obligor depends, then he must give notice of his own act before he can call upon the obligor to comply with his engagement." This is consonant with what was ruled in Vyse v. Wakefield, 6 Mees. & W. 453: "Where a party contracts to do a thing in a certain specific event with which he can make himself acquainted, he is not entitled to any notice, unless he stipulates for it; and when it is an event which lies within the peculiar knowledge of the opposite party, then notice ought to be given him;" and in Makin v. Watkinson, L. R. 6 Exch. 25: "The reason of the rule is that, when a thing is in the knowledge of the plaintiff, but cannot be in the knowledge of the defendant, but the defendant can only guess or speculate about the matter, then notice is necessary." This rule is assuredly grounded in justice and common sense. Its observance will always secure opportunity for performance to all who are actuated by a just sense of their contractual obligations, and will protect them against the furtive attempts of others to place the former in default. Wangler v. Swift, 90 N. Y. 38, 43; 1 Whart.

Cont. § 571; Clark, Cont. 667; 16 Am. & Eng. Enc. Law, 808; 5 Lawson, Rights, Rem. & Prac. p. 4151, § 2507. Our conclusion in respect to the exception to the denial of the motion for the dismissal of the complaint renders a discussion of the remaining exception needless.

The judgments of the general and trial terms of the court below are reversed, and a new trial is ordered, with costs to the appellants to abide the event. All concur.