(18 Misc. Rep. 411.)

### FRANZ v. MULLIGAN.

(Supreme Court, Special Term, New York County. November, 1896.)

NEGLIGENCE—SUFFICIENCY OF COMPLAINT.

The complaint in an action by a tenant against the landlord for injuries caused by a fall of plaster from a ceiling, due to the negligence of defendant in allowing the ceiling to become unsafe, is insufficient, in that it fails to allege knowledge on the part of the landlord.

Action by Caroline Franz against Mary Mulligan for damages for personal injuries. Defendant demurred to the complaint. Sustained.

Daniel J. Cushing, for plaintiff.
Robert L. Redfield, for defendant.

BEEKMAN, J. Briefly stated, the complaint alleges that the defendant was the owner and landlord of No. 246 Henry street, in this city, and that prior to April, 1896, the plaintiff, with her husband

and their two children, occupied a portion of the premises as tenants; and that on a day, not mentioned, in the month of April, 1896, the plaster on the ceiling of such apartments fell upon her, and inflicted certain injuries, which she describes. She further alleges that such injuries were sustained without any negligence on her part, but "through the carelessness and negligence of the defendant, her agents and servants, in allowing said ceiling to become and remain in an unsafe and dangerous condition, and dangerous to the life and limb of the persons occupying said premises; and also through defendant's failure to keep the same in proper repair, and in a safe and tenantable condition." The defendant demurs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The demurrer seems to be well taken, under the authority of Donner v. Ogilvie, 49 Hun, 229, 1 N. Y. Supp. 633, which was decided by the general term in this department. In that case there was a platform in front of the rooms occupied by the plaintiff as tenant of the defendant, which was used and intended to be used in connection with the demised premises. The complaint charged. that:

"The defendants negligently failed to properly guard or protect the platform, and permitted it to become and remain in an improper, unsafe, and dangerous condition, so that the plaintiff, on April 22, 1887, while in the proper and lawful use of the rooms and platform, without contributory negligence, fell from the platform into the yard below, solely because of the negligence of the defendants, and the improper, unsafe, and negligent manner in which the said platform was constructed, guarded, and kept, and its unsafe, improper, and dangerous condition."

I quote from the statement of the complaint contained in the opinion of Judge Bartlett. The complaint was demurred to, and the demurrer was overruled at special term. On appeal to the general term the judgment below was reversed, the court holding that it was essential to a statement of a cause of action in such a case that the complaint should allege that the defendants knew, or had reason to know, the platform to be dangerous for any use for which they let it, and failed to disclose its condition; or that they had agreed to repair it, or make it safe, and omitted to do so. At page 232, 49 Hun, and page 635, 1 N. Y. Supp. (opinion), the learned judge says:

"There appears to be nothing, then, to take the case at bar out of the ordinary rule that no warranty is implied on the part of the lessor of a dwelling that it is safe and convenient. Jaffe v. Harteau, 56 N. Y. 398. The law which should control the disposition of this demurrer is stated with such perfect clearness in Edwards v. Railroad Co., 98 N. Y. 245, 249, that we need only quote a few sentences from that case: 'If a landlord lets premises, and agrees to keep them in repair, and he fails to do so, in consequence of which any one lawfully upon the premises suffers injury, he is responsible for his own negligence to the party injured. If he demises premises knowing that they are dangerous, and unfit for the use for which they are hired, and fails to disclose their condition, he is guilty of negligence which will in many cases impose responsibility upon him. If he creates a nuisance upon his premises, and then demises them, he remains liable for the consequences of the nuisance as the creator thereof, and his tenant is also liable for the continuance of the same nuisance. But where the landlord has created no nuisance, and is guilty of no willful wrong or fraud or culpable

negligence, no case can be found imposing any liability upon him for any injury suffered by any person occupying or going upon the premises during the term of the demise.' "

In the case at bar it was not enough for the plaintiff to make a general allegation of negligence on the part of the landlord as the cause of the injuries of which she complains. She should have gone further, and charged that the defendant knew, or had reason to know, that the ceiling was unsafe or dangerous, and failed to disclose that fact, or that she had agreed to repair it, or make it safe, and omitted to do so. In the absence of some such allegation bringing the case within the principle referred to in Donner v. Ogilvie, supra, I am constrained to hold that the complaint does not state facts sufficient to constitute a cause of action. The demurrer is, therefore, sustained, with costs, with the usual leave to the plaintiff to amend on payment of costs.

Demurrer sustained, with costs, with leave to amend.