(20 Misc. Rep. 698.)

HAND v. SHAW et al.

(City Court of New York, General Term. July 15, 1897.)

1. ACTION ON CONTRACT—COMPLAINT.
    A complaint alleging the breach of a contract to pay to plaintiff a certain sum "in trade," the amount "to be deducted from merchandise to be sold for a proposed new hotel, other than has been estimated or contracted for at this time," does not state facts sufficient to constitute a cause of action, where it is not averred that there was a sale for such purpose, and that plaintiff gave notice to defendants, at the time he gave the order, that the merchandise was for a proposed new hotel, and of the particular hotel for which it was intended.

2. SAME—CONDITIONAL LIABILITY.
    Such complaint is defective, under Code Civ. Proc. § 534. where the liability alleged is conditional, and depends on facts outside of the instrument on which it is founded, which are not averred.

3. DISMISSAL—NO CAUSE OF ACTION.
    Where the complaint does not state a cause of action, the objection is available on the trial, at any time, on motion to dismiss the complaint.

Appeal from trial term.

Action by Elwood S. Hand against William A. Shaw and another. From a judgment in favor of defendants, plaintiff appeals.   Affirmed.

Argued before VAN WYCK, C. J., and McCARTHY, J.

Charles De Hart Brower, for appellant.

David J. Newland, for respondents.

McCARTHY, J.   We think that the objection raised by the appellate term in Hand v. Shaw, 18 Misc. Rep. 1, 41 N. Y. Supp. 16, still exists, and is sufficient to affirm this judgment.   But, if that has been cured, it is clear that this complaint is defective, in that it does not state facts sufficient to constitute a cause of action, and thus the plaintiff cannot recover.   The complaint was clearly bad.   There must be, first, a sale of the merchandise by the defendants for a proposed new hotel, which must be made known at the time of the selection out of which the deduction which the plaintiff desires could be made; and the fact that there was a sale for such a purpose, and that the plaintiff gave notice to the defendants at the time he gave the order that the merchandise was for a proposed new hotel, and the particular hotel for which it was intended, should have been averred.   The denial in the answer does not cure the complaint in these particulars. Nor can it be sustained by section 534 of the Code of Civil Procedure, for, where the liability is conditional, as in this case, and depends on facts outside of the instruments, such facts must also be averred. Tooker v. Arnoux, 76 N. Y. 401; Broome v. Taylor, Id. 564.   And where the complaint does not state facts sufficient to constitute a cause of action, the objection is available on the trial at any time upon motion to dismiss the complaint; and, when made, is not a matter of discretion, but one of right.

The motion to dismiss the complaint was properly made, both at the beginning and at the end of the trial, and should have been granted at either time.   Coffin v. Reynolds, 37 N. Y. 640.

In regard to the exception by the plaintiff to the ruling of the court, it mattered not what the plaintiff determined alone, and in the absence of the defendants, as to what to do, but it was necessary for the plaintiff to show the exact contract between him and the defendants, as that was the issue here, and as to what occurred, this not being a regular and ordinary sale, and he being an employé only, and without authority of the defendants; and without any notice to the defendants in advance that this purchase was being made in connection with the contract herein, anything he might say as to the prices and grade of merchandise under this peculiar contract would not bind the defendants.

After an examination of all the facts, we think the judgment should be affirmed, with costs.

VAN WYCK, C. J., concurs.