(21 Misc. Rep. 302.)

KAUFMAN et al. v. CANARY et al.

(Supreme Court, Appellate Term. October 1, 1897.)

1. TRIAL—TAKING CASE FROM JURY—WAIVER.
At the close of plaintiffs' case, defendants moved for dismissal on the specific ground that there was no evidence tending to show the co-partnership of the defendants. To the denial of the motion an exception was taken, but at the close of the entire case there was no motion by defendants for direction of a verdict; neither was the previous motion renewed, the motion for dismissal then made being based upon the alleged absence of a preponderance of evidence to establish the co-partnership. Held, that defendants thereby conceded that at that point in the trial there was some evidence thereof.

2. APPELLATE TERM—REVIEW OF FACTS.
On appeal from a judgment of affirmance by the court below, the appellate term of the supreme court is precluded from any consideration of the weight of the evidence.

3. SALES—CONSTRUCTION OF CONTRACT—PERFORMANCE.
In an action to recover the agreed price of certain goods manufactured by plaintiffs under a contract which required them, if the defendants so elected, to place thereon certain printed matter, to be communicated by defendants before the time for delivery, it appeared that the defendants had never made any such election or communication, but disputed the contract, and absolutely refused to receive the goods. Held, that nothing remained to be done on plaintiffs' part, and that the absence of the printed matter did not affect their right to recover the contract price.

4. SAME—DELIVERY—PLEADINGS.
The complaint proceeded on the theory that the goods were the property of the defendants, and subject to their direction as to delivery. It alleged plaintiffs' readiness to deliver all the goods and defendants' refusal to accept and pay; it did not allege the actual fact that a certain portion of the goods had been delivered and accepted. Held, that this omission did not impair the plaintiffs' right to recover for the entire quantity so long as they had fully performed on their part as regarded the goods still in their possession.

5. SAME—SUFFICIENCY OF DELIVERY.
The contract required delivery of the goods to the defendants at such place as they should require. The parties never stipulated for any particular place of delivery. Plaintiffs notified defendants that the goods were ready, and offered to deliver them at a place to be designated by defendants, who refused to receive them. Held, that this was tantamount to a delivery, and entitled the plaintiffs to demand and have the agreed price.

Appeal from city court of New York, general term.

Action by Charles Kaufman and William Strauss against Thomas Canary and George W. Lederer to recover the agreed price on a sale of merchandise to defendants as co-partners. A judgment for plaintiffs was affirmed by the general term of the city court of New York (45 N. Y. Supp. 1143), and defendants appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Joseph C. Rosenbaum, for appellants.
David Gerber, for respondents.

BISCHOFF, J.   This action was brought to recover the agreed purchase price of 7,500 plaques, designed for advertising purposes, alleged to have been manufactured by the plaintiffs' firm at the instance of the defendants, as co-partners, and purchased by the latter. The complaint averred the plaintiffs' readiness to deliver the plaques and the defendants' refusal to accept and pay for them, and the only defense interposed was a general denial.   Upon the trial it appeared from abundant evidence that the contract, an oral one, was made in August, 1895; that it was entered into by the plaintiffs and one MacGeachy, the latter assuming to act for the defendants in that behalf; that the price agreed upon was $80 for each 1,000 plaques, and that the entire lot was to be delivered at such times, at such places, and in such quantities as the defendants should require, the delivery to be wholly required before February 1, 1896. It further appeared, as we construe the testimony, that at the defendants' option each of the plaques was to be provided with certain printed matter to be supplied by the plaintiffs, but the tenor and text of which the defendants were to communicate with their several requisitions; that 1,000 of such plaques, printed as directed by the defendants, were actually delivered to them, but not paid for; and that the remainder of the plaques was laid aside by the plaintiffs to abide the defendants' future directions.   The case was submitted to the jury with instructions that the measure of the plaintiffs' recovery was the agreed price of the plaques after deducting the cost of the printing upon those remaining undelivered, and a verdict for $570, exclusive of interest, was found for the plaintiffs.   Judgment was entered for the plaintiffs upon the verdict, and this is assailed upon this appeal upon the following grounds only, viz.:   (1) That the contract alleged in the complaint was not shown, because of the absence of sufficient evidence of the defendants' co-partnership at the time the contract was entered into; (2) that the plaintiffs were not entitled to recover the contract price, because the plaques remaining undelivered were not completed,—that is to say, provided with the printed matter hereinbefore alluded to; and (3) that the plaintiffs were not, in this action, entitled to recover for the plaques actually delivered, because such delivery was not alleged in the complaint.   The first ground is not presented by proper exception, and the other grounds prove, upon examination, unavailable to the appellants, and untenable.   True it is that at the close of the plaintiffs' case a motion for dismissal of the complaint was made upon the specific ground that there was no evidence tending to show the co-partnership of the defendants, and to the denial of the motion and exception was taken.   But at the close of the entire case there was no motion for the direction of a verdict; neither was the previous motion renewed, the motion for dismissal of the complaint then being based upon the alleged absence of a preponderance of the evi-

dence to establish the co-partnership, thereby conceding that there was some evidence. Thus the point now made, that there was an utter absence of such evidence, was not called to the attention of the trial court. Upon the question of preponderance we are concluded by the judgment of affirmance in the court below (Meyers v. Cohn, 4 Misc. Rep. 185, 23 N. Y. Supp. 996), and the failure to renew the motion for a dismissal of the complaint, or to ask for the direction of a verdict upon the ground first urged, was equivalent to a concession that when the case was about to be acted upon by the jury there was then sufficient evidence to warrant such submission (Meyers v. Cohn, supra; Sullivan v. Brooks, 10 Misc. Rep. 368, 31 N. Y. Supp. 36; Lowenthal v. Copland, 18 Misc. Rep. 6, 41 N. Y. Supp. 8; Kafka v. Levensohn, 18 Misc. Rep. 202, 41 N. Y. Supp. 368). Until the defendants had elected to have the plaques provided with the advertising matter, and had notified the plaintiffs of such election, and communicated the text of the matter to be printed to them, it cannot reasonably be asserted that anything remained to be done upon the plaintiffs' part towards the completion of the contract. Hand v. Shaw, 18 Misc. Rep. 1, 5, 41 N. Y. Supp. 16. As matter of fact, no such election was had, no such notice given, or communication had. On the contrary, the evidence was to the effect that the defendants, disputing the contract, had absolutely and unequivocally refused to receive the plaques when the plaintiffs offered to deliver them, excepting the 1,000 admittedly delivered and received. In no sense, therefore, can the plaintiffs be said to have failed to do all that the contract required of them, and no sufficient ground appears why the plaintiffs ought not to have recovered the whole of the agreed price. In our opinion, the trial justice's instruction to the jury to credit the defendants with the cost of the printing for the plaques undelivered gave the defendants an advantage to which they were not fairly or legally entitled. However, as regards this appeal, we have to do only with the defendants' (the appellants') grievances.

It remains for us to notice the last ground urged for reversal of the judgment appealed from. The complaint proceeds as in an action to recover the agreed price upon full performance by the vendors of the contract of sale upon their part, retaining possession of the plaques because of the defendants' refusal to receive them when tendered or offered to be delivered. Dustan v. McAndrew, 44 N. Y. 72, 78. Upon this theory all of the plaques were the property of the defendants, and subject to their direction as regards the delivery thereof. The partial delivery was not inconsistent therewith. Neither could the nonallegation of such partial delivery have impaired the plaintiffs' right to recover the agreed price for the entire number of plaques so long as the plaintiffs, as regards those of which they retained possession, had fully performed the contract of sale upon their part. The complaint alleged what in legal intendment was tantamount to an allegation of the delivery of all the plaques. It nowhere appeared that the parties had stipulated for any particular place of delivery. The place of delivery, therefore, was either the place of business of the plaintiffs, or a place remaining to be designated by the defendants; and the allegations sus-

tained by the proof were that the plaintiffs, before the commencement of the action for the purchase was brought, had notified the defendants that the plaques were ready for delivery, and offered to deliver them at a place to be designated by the latter. That under the circumstances the plaintiffs were entitled to demand and to have the price agreed upon is no longer a debatable proposition, at least in this state (Bement v. Smith, 15 Wend. 493; Hunter v. Wetsell, 84 N. Y. 549); and, in so far as it appeared upon the trial that the defendants did in fact receive 1,000 of the plaques, the variance, for aught that appears, was not prejudicial to them, and so was properly disregarded by the trial court as immaterial. Code Civ. Proc. § 539.

The judgment should be affirmed, with costs. All concur.