(21 Misc. Rep. 313.)

## HAND v. SHAW et al.

(Supreme Court, Appellate Term. October 1, 1897.)

1. ADVERTISING CONTRACT—CONSTRUCTION—PAYMENT OF PRICE.

Plaintiff was publisher of a book descriptive of a certain hotel. Defendants, who were dealers in crockery, etc., and were desirous of fitting out new hotels with such wares, furnished an advertisement for insertion in the book, under an agreement to pay therefor $235 "in trade," by deducting that amount from the price of goods "to be sold for a proposed new hotel other than has been estimated or contracted for at this time," and provided that this credit "is not transferable to any account without our consent." *Held,* that the allowance could not be applied by plaintiff to any bill of goods he might order from defendants; that they must be ordered for a new hotel; that defendants were entitled to notice of that fact, and of the particular hotel for which they were intended.

2. SAME—GOOD FAITH.

*Held,* further, that, in order to secure the allowance, plaintiff must seek it in good faith in the spirit of the contract, and that an order alleged to be for an hotel for which he had merely secured plans and some materials, which existed only in contemplation, and to the erection of which he was in no way committed, was not entitled to the credit.'

Appeal from city court of New York, general term.

Action by Ellwood S. Hand against William A. Shaw and another. A judgment entered in the city court in favor of defendants on the dismissal of the complaint, in an action tried by the court and a jury, was affirmed by the general term (46 N. Y. Supp. 528), and plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Charles De Hart Brower, for appellant.

David J. Newland, for respondents.

DALY, P. J. The facts do not essentially differ from those presented on a former appeal (Hand v. Shaw, 18 Misc. Rep. 1, 41 N. Y. Supp. 16); and the complaint upon the new trial, which was then ordered, was dismissed by the trial court, in accordance with the views expressed by the appellate term. Briefly stated, the leading facts are these: The defendants are dealers in crockery and glassware, and furnished the plaintiff with an advertisement, to be inserted in a book or pamphlet descriptive and illustrative of the Hotel Iroquois, Buffalo, N. Y., the following agreement being executed by them to the plaintiff:

"In consideration of the insertion of our advertisement to occupy one page, a copy of which we will furnish, in the book descriptive and illustrative of the Hotel Iroquois, Buffalo, New York, we promise to pay to the order of E. S. Hand $235 in trade after publication of and the delivery to us of a specimen copy of the same. This amount to be deducted from merchandise to be sold for a proposed new hotel other than has been estimated or contracted for at this time, and is not transferable to any account without our consent."

The plaintiff avers that the book was published, and a copy sent to defendants, and that on July 3, 1894, plaintiff demanded of defendants delivery of goods, wares, and merchandise to be sold for a proposed new hotel, other than had been estimated or contracted for at

that time, in accordance with the terms of the said contract, which was refused, and that there is justly due to plaintiff from defendants goods of the value of $235, but that defendants refuse to furnish the same, and that plaintiff is entitled to judgment for $235, with interest from May 14, 1890.   The facts proved by plaintiff in support of his alleged demand and the refusal were that in June, 1894, he went to defendants' place of business, and selected goods amounting in price to $241.15, and had a bill therefor made out to himself.   He did not at that time refer to the contract of 1889, nor state that the goods were ordered for an hotel, but, after going away, wrote a letter to the defendants, asking them to forward the goods, and to favor him with their statement showing the balance due them, after allowing the credit due him, in accordance with the agreement of October 19, 1889.  Not receiving the goods, the plaintiff, eight days after, wrote to defendants, asking when the goods would be shipped.   In reply to a letter of defendants saying that they were not aware of any credit to which he was entitled, he wrote them, inclosing a copy of the agreement.  The defendants, declining to ship the goods, in reply stated that, when he selected the goods, he did not allude to the agreement, and called his attention to the provision in the agreement that "it is not transferable to any account without our consent," which they declined to give.  Plaintiff then called on defendants, and saw one of them, who said their objection to allowing the credit was that, when the contract was made for the insertion of the advertisement, he contemplated that it would result in a large sale, the profits from which would warrant him in allowing this credit; that he was to pay for this advertising out of the profits of the bill.   The plaintiff, at that interview, seems to have first alluded to a contemplated hotel, and told defendant that the goods he had purchased were all that would be required for the hotel that was contemplated; that it was a very small seashore countryside inn, at Breakwater, Southport, Conn.  It appears that the plaintiff's wife owned land at the place, which had been surveyed and laid out in plots for an hotel and cottages, and that, at the time of the first trial, there were materials on the ground for the erection of the so-called "hotel" or "inn," and that a stone house, observatory, tower, and waterworks, etc., house and stabling, were nearing completion; but plaintiff also stated, in answer to the specific question, "Is the Breakwater property an hotel?" "No; that is a residence.  I have plans for the Beacon Point Inn." The plaintiff offered to pay defendants, in cash, the difference between $235 and the bill ordered, $241.15, which they refused to accept.

On the former appeal in this case, we held that the defendants were entitled to notice that the merchandise sought to be bought by the plaintiff was for a proposed new hotel, and also of the particular proposed new hotel for which it was intended, before they could be charged with a breach of the contract in refusing to make the sale. Nothing in the present record affects the decision so made; and we might properly affirm this judgment, dismissing the complaint, upon the grounds of the former decision.   It may be briefly added that, if the plaintiff's contention in this case were allowed, then we would

be required to construe the contract of defendants without any of the limitations contained in it. We should have to hold that his agreement was simply to allow goods to the amount of $235 upon any order which the plaintiff might choose to give, because, if plaintiff were not required to give an order for a specified hotel, but might order goods independently, as he did in this case, having simply a possible hotel in mind, but not disclosing even that fact to defendants, then all of the special conditions of his contract may be disregarded. It is needless to say that every provision of the contract must be given its due effect. The contract provides that the advertising is to be paid for by defendants allowing $235 on a bill of goods ordered for an hotel, and that the allowance cannot be transferred to any other account; that is to say, that the allowance cannot be applied by the plaintiff to any bill of goods ordered from the defendants, unless they have been ordered for an hotel, and the obligation of the defendants therefore does not arise until goods are so ordered. Unless the hotel be specified at the time the order is given, the order would in no sense differ from a purchase upon any other account, and would be, in effect, a purchase outside of the contract restrictions, and therefore no deduction could be claimed on account of the contract. We held on the former appeal that the defendants could not refuse to make the sale under the terms of the contract, if solicited by the plaintiff in good faith so to do. Upon the evidence, it would seem that the element of good faith was wanting in the case. There was no hotel in which the goods ordered by the plaintiff could be used. It is true that he testified to his intention to erect one, and that he had plans for it. Nothing committed him to carrying out his intention. He could supply his private residence with crockery and glassware to the amount of the advertising claim by simply "contemplating" the erection of an hotel. What value, then, to defendants, was this contract by which they were only required to deduct the bill for merchandise sold for a proposed hotel? It is manifest that, before plaintiff could in good faith claim under his contract, he should prove something more than the getting of plans and some materials for an hotel. An order for goods for an hotel which was never built, and to an amount which was only a trifle above the allowance or deduction to be made from the bill, was plainly intended to secure payment under the contract in a manner not provided by it, and obviously not intended by the parties.

The judgment of the city court should be affirmed, with costs. All concur.