(22 Misc. Rep. 551.)

### REISSMAN v. JACOBOWITZ.

(City Court of New York, General Term. February 23, 1898.)

1. DEFECTIVE PREMISES—LIABILITY OF LANDLORD.
Where a landlord has created no nuisance upon the demised premises, and is guilty of no willful wrong, or fraud, or culpable negligence, and has made no express covenant to make repairs, the law imposes no liability upon him for any injury suffered, in a portion of the premises not retained under the landlord's special control, by any person occupying the demised premises, during the term of the demise.

2. DISMISSAL OF COMPLAINT.
A motion to dismiss a complaint on the ground that it does not state facts sufficient to constitute a cause of action is available on the trial,· and the granting of it upon that ground is not a matter of discretion, but of legal right.

Appeal from trial term.

Action by Hyman Reissman, an infant, by Bernard Reissman, his guardian ad litem, against Morris Jacobowitz. From a judgment on a verdict, and from an order denying a new trial, defendant appeals. Reversed.

Argued before SCHUCHMAN and CONLAN, JJ.

Charles L. Cohn, for appellant.
Charles Steckler, for respondent.

SCHUCHMAN, J. The plaintiff, who was an infant of six years of age, was living with her father, who was a monthly tenant of two rooms in the rear building of No. 248 Stanton street, in the city of New York. After the said tenant had taken possession of the said

two rooms, the ceiling of one of the rooms in which said infant was sleeping in his bed became cracked, fell, and injured the plaintiff. The defendant's (the landlord's) liability in damages, as evidenced by the verdict, was predicated upon his failure to repair the ceiling within a reasonable period after its cracked condition was brought to his attention, at which time he had promised that repairs would be made. The complaint alleges that the defendant was the owner of the premises No. 248 Stanton street, and that the father of said infant was a monthly tenant, occupying two rooms on the second floor of the rear building thereof, and that it was the duty of the defendant to keep and maintain the ceiling in the apartment in said rear building in good order and repair, and that the defendant disregarded his said duty in the premises, and so carelessly and negligently conducted himself that he permitted and allowed the ceiling in said premises so occupied by the plaintiff to become and remain out of order and repair, and that, while the infant plaintiff was lawfully upon the premises, part of the ceiling fell and injured said plaintiff.

On the trial, at once at the opening thereof, the defendant's counsel moved to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The motion was denied, and the defendant duly excepted. This was error. The motion should have been granted. The motion to dismiss the complaint in an action on the ground that it does not state facts sufficient to constitute a cause of action is available on the trial, and the granting of it upon that ground is not a matter of discretion, but of legal right. Tooker v. Arnoux, 76 N. Y. 397; Broome v. Taylor, Id. 564; Montgomery County Bank v. Albany City Bank, 7 N. Y. 459; Coffin v. Reynolds, 37 N. Y. 640; Hand v. Shaw, 20 Misc. Rep. 698, 46 N. Y. Supp. 528. The owner or landlord of the premises is only liable in damages to a tenant in either of the three following instances: First. If he lets the premises, and agrees to keep them in repair, but fails to do so, in consequence of which any one lawfully upon the premises suffers injury. Second. If he demises premises, knowing that they are dangerous and unfit for the use for which they are hired, and fails to disclose their condition. Third. If he creates a nuisance upon his premises, and then demises them, he remains liable for the consequence of the nuisance, as the creator thereof. But where the landlord has created no nuisance, and is guilty of no willful wrong or fraud or culpable negligence, and has made no express covenant to make repairs, then the law imposes no liability on him for any injury suffered by any person occupying the premises during the term of the demise. No warranty is implied on the part of a lessor of a dwelling that it is safe and convenient. Cleves v. Willoughby, 7 Hill, 83; Franz v. Mulligan, 18 Misc. Rep. 411, 42 N. Y. Supp. 509; Donner v. Ogilvie, 49 Hun, 229, 1 N. Y. Supp. 633; Edwards v. Railroad Co., 98 N. Y. 245; Laird v. McGeorge, 16 Misc. Rep. 70, 37 N. Y. Supp. 631; Doupe v. Genin, 45 N. Y. 119. None of the above-mentioned three distinct cases upon which the landlord's liability in damages depends is set up in the complaint. The complaint is, therefore, insufficient in law, and it

contains no cause of action, and the motion to dismiss it should have been granted. Miller v. Rinaldo, 21 Misc. Rep. 470, 47 N. Y. Supp. 636; Schwartz v. Apple, 21 Misc. Rep. 513, 48 N. Y. Supp. 253.

This case does not belong to that class relating to the nonrepair of those portions of premises which the landlord keeps within his own control, and which are used as a means of egress and exit to apartments separately demised to tenants, in which class the courts have held that the landlord's liability is founded upon his duty, which arises from his invitation to his tenants to the use of the passageways, and a consequent right of those invited to rely upon their reasonable safe condition. Peil v. Reinhart, 127 N. Y. 381, 27 N. E. 1077. It is true that an amendment of the complaint might have been allowed by the trial court, but none was asked for or made, and, the objection to the complaint having been taken in due season, the correctness of the ruling must be tested by the complaint as it stood. Tooker v. Arnoux, supra.

The judgment is reversed, and a new trial granted, with costs to the appellant to abide the event.