## WALKER a. SWAYZEE.

*New York Common Pleas ; General Term, July,* 1856.

ACTION AGAINST MARRIED WOMEN.—NEXT-FRIEND.—JUDGMENT.

In an action concerning the separate property of a married woman, in which the husband is joined, it is improper to render a judgment against him *in personam.*

In such an action in a justice's court the justice may appoint a next-friend.

In reference to the property of a married woman held by her under the acts of 1848 and 1849, she may be sued alone, and a personal judgment may be rendered against her, as if she were sole.

Of the measure of damages in an action by a tenant against a landlord, to recover for injuries sustained through the negligent manner in which the defendant made repairs which he undertook to make.

Appeal from a judgment of a justice.

This action was brought by Martha Walker against Isaac Swayzee and Caroline Swayzee his wife.

BRADY, J.—The defendant Caroline Swayzee and her husband were sued to recover damages resulting from a breach of the defendant Caroline's agreement to repair premises rented by her to the plaintiff as her separate estate.

The judgment rendered by the justice is erroneous as to the defendant Isaac Swayzee, and must be reversed. When the action relates to the separate property of the wife, the husband ought not to be joined, (Brownson *v.* Gifford, 8 *How. Pr. R.,* 395), and where the husband cannot be joined with the wife as provided by section 114 of the Code, she shall prosecute or defend by next-friend. (§ 114). There is some conflict in the authorities on this question, but it is clear that the judgment in cases relating to the wife's separate estate where the husband is joined cannot be against him *in personam.*

The appointment of a next-friend can be made by a justice ; section 114 being made applicable to justices' courts by section 8, and the omission to make such appointment is not a technical objection, which under section 366 of the Code can be disregarded.

The appellants insist that the judgment against Caroline Swayzee is erroneous as well, because there can be no personal judgment against a married woman, the power of a court of equity being necessary to reach her separate estate; and the case of Chapman *v.* Leemon, (11 *How. Pr. R.*, 239), seems to favor this view. Some confusion has been occasioned by efforts to engraft upon the practice established by the Code of Procedure, the rules of equity jurisprudence and pleading, and in many cases where the Code is ample in its provisions, this lingering regard for the old *regime* displays itself in its full vigor. The legislature intended to abolish the distinctions which existed at the time the Code was framed, and have expressed that intention in the preamble to the Code, in which it is declared to be expedient that the then existing distinction between legal and equitable remedies should no longer continue, and that a uniform course of proceeding, *in all cases*, should be established. And again in section 69, that the distinction between actions at law and suits in equity and the forms of all such actions and suits heretofore existing, are abolished. And further, that there shall be in this State hereafter but one form of action for the enforcement or protection of private rights and the redress of private wrongs, which shall be denominated a civil action.

The statutes of 1848 and 1849 removed many if not all of the legal disabilities of coverture to the possession and enjoyment by the wife of a separate estate, and having conferred upon married women the power to hold real and personal estate, as if unmarried, established and subjected her to all the rights, obligations and liabilities incidental to such possession. In reference to that separate estate, as we have seen, she may sue and be sued alone. Her husband is a stranger to it. He has no control over it. He acquires no right or interest in it by his marital relation, and his creditors cannot touch it in satisfaction of their demands upon him. His wife as to that estate has a separate legal identity which was unknown to the common law and in equity, and must submit to the usual decrees of courts of justice for her acts affecting her separate estate so held and enjoyed. If courts of equity still existed, their interposition would be unnecessary. The execution to

be issued on the judgment rendered against her would reach her personal or real estate, and the appropriation of it in the usual form of proceeding against judgment debtors would satisfy the ends of justice. The law guards her rights and property sufficiently by providing for the appointment of a next-friend to protect her and her property from abuse, and there is no reason why her creditor or her tenant whom she has wronged should be driven to extraordinary proceedings to secure his debt or redress his grievance.

For these reasons I think the judgment should not be disturbed on the ground that it is against a married woman ; and if she had been sued by next-friend, it should be upheld, because any other judgment would be improper.

The remaining question is as to the measure of damages.

It has been held in this court that the measure of damages in an action against a landlord for not repairing is the amount it would cost to make such repairs, and for the reason that the tenant cannot, by exposing himself, his family or his goods to the injuries or damage which result from the landlord's negligence, present a meritorious claim, when he could remedy the evil by repairs for which he would be fully indemnified out of the rental. That principle, however, does not apply here. The defendant Caroline undertook to make the repairs, but they were done imperfectly, and after notice from the mechanic she employed to do them, that her mode of having them done would be insufficient to accomplish the object designed. It was not the duty of the tenant to ascertain whether they were properly done or not, and unless that rule prevails, the judgment cannot be disturbed, because it appears that the goods of the plaintiff were injured by the first rainstorm after the repairs were made. There is no evidence in the case that the plaintiff knew of the insufficiency of such repairs, and he cannot be charged with notice. It is not so, however, with the defendant Caroline, who was advised against the manner in which she insisted that they should be done, and in which they were done, and must suffer the consequence of her obstinacy or erroneous judgment, as the case may be.