# City Court

General Term—April, 1886.

## LAWRENCE O'CONNOR *against* ANDREAS H. GOURAUD.

Where the landlord covenants to repair and does not, the tenant must either make the repair at the landlord's expense or recoup the diminution in value of the premises. He cannot omit the repairs and hold the landlord for damages resulting from injury to his goods by a rain storm.

Appeal from order setting aside verdict in favor of the plaintiff and directing judgment for defendant.

McADAM, Ch. J.—It was conceded on the trial that the rent claimed was due, and the only defense presented was that contained in the counter-claim, pleading the landlord's failure to make the necessary repairs to the roof. The rent amounted to $84, and it was admitted that "the amount the defendant claims, which is $84, was the amount of damage to the goods," done by a rain storm. The question presented is whether this loss is recoverable by the defendant as lessee, for breach of the landlord's covenant to repair.

The general rule of damages for breach of contract, is to allow those "which were contemplated, or may reasonably be supposed to have entered into the contemplation of the parties, at the time of the contract" (Hadley *v.* Baxendale, 9 *Exch.* 341; S. C., 26 *Eng. L. & E.* 398). In view of this rule, it becomes necessary to inquire what damages enter into the contemplation of the parties, in making a covenant to repair.

In actions on covenants of this nature, it was said by

O'Connor *v.* Gouraud.

Lord HOLT, in an early case : " We always inquire in these cases what it will cost to put the premises in repair, and give so much damages " (Vivian *v.* Champion, 2 *Ld. Raym.* 1125).

If a tenant covenants to repair and does not, and the landlord in consequence makes the repairs, the measure of damages will be the cost of such repairs so far as they are fit and necessary (*Wood's Mayne on Damages*, 334), or the landlord may omit making the repairs and recover to the extent the reversion is injured by the tenant's breach (*Id.* § 332).

On the other hand, if the landlord fails to repair agreeably to his covenant, the tenant may either make the repairs at the landlord's expense or charge the landlord with the diminished value of the premises in consequence of the want of them (Myers *v.* Bruns, 35 *N. Y.* 269 ; Cooke *v.* Soule, 56 *Id.* 420).

No repairs were made by the defendant and no diminution in value of the premises was alleged or proved.

The defendant's contention is that because the repairs were not made the rain came in and damaged his goods, and that he is entitled to recover this damage from the landlord irrespective of what it would have cost to make the repairs. In other words, if the repair,—*i. e.,* stopping a leak,—might have been made, at the cost of one dollar, the tenant may leave it undone, and charge the landlord whatever damage the rain may in consequence do to his goods, without limit to the amount.

A doctrine so inequitable can hardly find sanction in the law. It is the tenant's own fault if he fails to use reasonable efforts, care and diligence to protect himself from injury or loss ; and where he fails to do so, he will not be permitted to say that the loss that might have been thus avoided was caused by the wrong of the landlord ; for it is against the policy of the law, as well as common principles of justice, to permit a party to reap any advantage from his own negligence or want of ordinary care,

or from his own wrong, or from his own and another's neglect or wrong. In such cases the maxim "nullus commodum capere potest de injuria sua propria" applies; and the rule is applicable in cases of contracts as well as in torts (*Field on Damages*, § 126).

In Cook v. Soule (56 *N. Y.* § 423) the court, per Grover, J., said: "In cases where the requisite repairs are trifling and the damage by not making them is large, I think it is the duty of the tenant to make them and charge the landlord with the cost " (citing Miller v. Mariner's Church, 7 *Green*, 57; Laker v. Damond, 17 *Pick.* 284). To substantially the same effect are Walker v. Swayzee (3 *Abb. Pr.* 136) and Flynn v. Hatton (43 *How. Pr.* 333).

By the rule suggested no injustice is done to either party, the covenant is made good, the tenant is fully reimbursed, and on the other hand the landlord's property is benefited to the extent of the expenditure.

In Makin v. Wilkinson (3 *Alb. L. J.* 196), the court of exchequer held that as the condition of demised premises is a matter within the knowledge of the tenant in possession, and not of the landlord, the latter is entitled to notice of the want of repair before he can be sued for breach of covenant, and so all through the books will be found rational principles on which rights are enforced, liabilities imposed and damages ascertained and measured. In Walker v. Swayzee (3 *Abb. Pr.* 138), the defendant undertook to make the repairs, but they were done imperfectly, and the landlord had notice from the mechanic he employed to do them that the mode of having them done was insufficient and improper, and it was on the sole ground of "negligence" that the tenant, who had the right to suppose the repairs were properly made, was allowed to recover for the damage done by the first rain thereafter.

That is not this case. There is no charge in the answer that the landlord undertook to make the repairs,

and did them so negligently that damage followed.    The allegation is that " the plaintiff failed and neglected to perform the aforesaid covenant on his part, but, to the contrary, wholly omitted and neglected to make all necessary repairs to said premises, and failed and refused to keep and perform the same."    It then charges that the plaintiff " failed and refused to repair," whereby, etc.

Upon the pleadings and proofs the verdict which the trial judge directed in favor of the plaintiff was right, but the order which he subsequently made, setting aside the verdict and ordering judgment for the defendant, was erroneous.

The order appealed from must, therefore, be reversed, with costs, and the plaintiff will be permitted to enter judgment on the verdict originally directed in his favor.

Hyatt, J., concurred.

Affirmed by New York common pleas, 3 *State Rep.* 555 ; same principle laid down in Mayor *v.* Second Ave. R. R. Co. (102 *N. Y.* 574).

### Repairs.

When a landlord contracts with his tenant to attend to all the repairs necessary to the premises, he is only required to exercise due diligence in looking after the property, but he does not contract that the property shall in no wise be out of repair. New trial granted (Frank *v.* Conradi, *Supreme Ct. of N. J.*, Nov. 3, 1887).