(21 Misc. Rep. 470.)

### MILLER v. RINALDO et al.

#### (Supreme Court, Appellate Term. October 28, 1897.)

1. LANDLORD—LIABILITY—DEFECTS IN PREMISES.
   In the absence of an agreement by the landlord to repair premises leased to a tenant for the latter's exclusive use, the landlord is not chargeable with their defective condition, unless the defect is such as to amount to a nuisance maintained at the time of the leasing.

2. SAME—AGREEMENT TO REPAIR.
   Even though the landlord does agree to repair, he is not liable to the tenant in an action for negligence based merely upon his failure to do so.

Appeal from city court of New York, general term.

Action by Louis Miller, an infant, by his guardian, against Minnie Rinaldo and others. From a judgment of the general term (45 N. Y. Supp. 1145) affirming a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Herbert C. Smyth, for appellants.

Nelson Smith and Oswald N. Jacoby, for respondent.

BISCHOFF, J. The plaintiff was injured by the fall upon him of a portion of the ceiling in apartments in which he lived with his parents, tenants of the defendants under a monthly lease; and the defendants' liability to respond in damages was predicated upon their failure to repair the ceiling within a reasonable period after its cracked condition was brought to their attention, at which time they had promised

that repairs would be made.　The agreement under which the tenants went into possession placed upon the landlords no duty to keep these rooms in repair; and it may be, as contended by the appellants, that the subsequent promise was without consideration, and so inoperative as a basis of any liability.　Assuming, however, that the promise was enforceable, and that the individual who made it (the janitress of the building) had authority to bind the defendants, still the recovery may not be supported.　The action, according to the pleadings and the proof, was founded solely upon the negligence of the defendants in omitting to make repairs to this ceiling according to their promise; but, upon reason and the weight of authority, such an action does not lie,—the fact that the damages for personal injuries or for injuries to property are too remote being the ground upon which the failure of liability is placed.　For injuries resulting from the nonrepair of those portions of the premises which the landlord keeps within his own control, but which are used as a means of access to apartments severally demised to tenants, the landlord is held liable.　Peil v. Rheinhart, 127 N. Y. 381, 27 N. E. 1077.　But this liability may be taken as founded upon the duties which arise from the invitation extended by the landlord, for his own benefit, to the use of such passageways, and the consequent right of those invited to rely upon their reasonably safe condition.　As to the premises demised to the tenant for his exclusive use, however, the landlord is not chargeable with their defective condition, in the absence of an agreement to repair, unless the defect is such as to amount to a nuisance maintained at the time of the leasing.　So far as the ordinary results of a failure to repair are concerned, the tenant's claim against the landlord must rest wholly upon the latter's contract to make repairs, since the law implies no obligation, as to this, upon the part of the landlord, from anything connected with the legal relation of landlord and tenant.　Witty v. Matthews, 52 N. Y. 512.　It follows, necessarily, that no greater rights accrue to the tenant from the landlord's contract to repair than would attach to a contract made with the tenant by any third party, looking to the making of the same repairs; and in the latter case it is obvious that such party's failure to enter upon the work would not entail liability as for a tort.　The analogy is pointed out in Tuttle v. Manufacturing Co., 13 N. E. 465, a case similar to that at bar, decided by the supreme court of Massachusetts.　Whenever the question has been directly presented, the courts of this state have uniformly held that the landlord is not liable to the tenant in an action for negligence based upon his failure to make repairs which by contract he has assumed the duty of making.　Flynn v. Hatton, 43 How. Prac. 333; Spellman v. Bannigan, 36 Hun, 174 (approving first-named case); Kabus v. Frost, 50 N. Y. Super. Ct. 72; Arnold v. Clark, 45 N. Y. Super. Ct. 252; Walker v. Swayzee, 3 Abb. Prac. 136, 138; Sanders v. Smith, 5 Misc. Rep. 1, 25 N. Y. Supp. 125 (where the subject is ably discussed).　The respondent cites several cases which it is claimed support this judgment, but in none of them has a recovery under such a state of facts as were here presented been sustained.　It is true that some of these cases contain expressions of an assumption that a cause of action for negligence would perhaps exist for the landlord's failure to observe his covenant to repair, but

the actual decision in each case proceeded upon some ground whereby the defendant was absolved from liability, such as the absence of an agreement to repair, or, if the action was supported, because there was an express agreement to pay all damages which might result, as in Dunn v. Robins, 20 N. Y. Supp. 341.   The case of White v. Sprague, 9 N. Y. St. Rep. 220, is the only authority found which appears to lend support to the respondent's contention.   There the plaintiff was an employé of the defendant, performing services as janitress in the latter's apartment house.   By permission of the defendant, she was engaged in doing work in the rooms of one of the tenants, and while so employed was injured by the fall of the ceiling, which the defendant, by contract with the tenant, had agreed to keep in repair.   A judgment for the plaintiff was supported upon the ground that a liability arose from the defendant's failure to observe the agreement to repair as made with the tenant; and to this proposition the case of Edwards v. Railroad Co., 98 N. Y. 245, 248, 249, was cited, which case involved the question of the liability of the lessor of a place of amusement for the fall of a balcony upon the premises, which were leased for a special occasion.   All that was held in that case was that the lessor was not chargeable, in the absence of proof that the condition of the premises, when leased, amounted to a nuisance, or that there had been a fraudulent concealment of their imperfect state; but in the course of his opinion Judge Earl used the following language:

"If a landlord lets premises, and agrees to keep them in repair, and he fails to do so, in consequence of which any one lawfully upon the premises suffers injury, he is responsible for his own negligence, to the party injured."

As the enunciation of a rule of law, the statement quoted was in no way essential to the decision of the case; and we think that the most which was intended by these words (as used in the course of an argument dealing principally with the question of the existence of a nuisance) was an expression of the rule as stated in Clancy v. Byrne, 56 N. Y., at page 133, viz.:

"If the premises are in good repair when demised, but afterwards become ruinous or dangerous, the landlord is not responsible therefor, either to the occupant or to the public, unless he has expressly agreed to repair, or has renewed the lease after the need of repair has shown itself."

As thus stated, and as supported by the authority which the court cites (Todd v. Flight, 9 C. B. [N. S.] 377), the rule operates to impose liability upon the landlord for his nonobservance of the covenant to repair only where his neglect is such that, for the resulting ruinous condition of the premises, he is chargeable with the maintenance of a nuisance; and this appears to be the only proper ground for the imposition of liability, by no implication to be extended to a case where the landlord has merely failed to perform a contract to repair within a reasonable period, without more.   As we have said, the case of White v. Sprague appears to have been decided upon the authority of the Edwards Case; but it does not seem that such authority need have been invoked, since the plaintiff, White, apparently had a cause of action for the negligence of the defendant, her employer, in failing to provide a safe place in which she should work.   We are led, therefore, to the conclusion that the respondent misconceived his right to

redress, and that the complaint should have been dismissed, in accordance with the defendants' motion as made at the close of the case.

Judgment reversed, and judgment directed for the dismissal of the complaint. All concur.