SARAH SCHICK, Appellant, *v.* JACOB FLEISCHHAUER, Respondent.

*Promise of a landlord to repair a ceiling — personal injury to the tenant from its breach — liability of the landlord — remedy of the tenant.*

A contract made by a landlord with his tenant to repair a ceiling in the demised premises, in reliance upon which the tenant renews her lease of the premises, does not create a liability on the part of the landlord for personal injuries sustained by the tenant through its breach and the consequent fall of the ceiling upon her.

Remedy of the tenant in the event of the breach by the landlord of a promise to repair, considered.

APPEAL by the plaintiff, Sarah Schick, from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 1st day of November, 1897, upon the decision of the court rendered after a trial at the New York Special Term sustaining the defendant's demurrer to the plaintiff's complaint on the ground that the complaint did not state facts sufficient to constitute a cause of action.

*Abraham Oberstein,* for the appellant.

*Herbert C. Smyth,* for the respondent.

RUMSEY, J.:

The complaint alleges, substantially, that the plaintiff was a tenant of certain apartments in a building owned by the defendant in the

city of New York, and that on the 4th of June, 1897, she was injured by the falling of the ceiling in the apartments. The complaint further alleges that the agent of the defendant was aware of the condition of the premises; that before her term began he had promised the plaintiff, in behalf of the defendant, to repair the ceiling and put it in a safe condition, and that, relying upon such promise, she had renewed her lease of the said premises. The complaint then contains allegations that the defendant did not cause the premises to be repaired as he had agreed, and the usual allegations as to the amount of damages. The demurrer is upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

The only relation between the parties is that of landlord and tenant. It is well settled in this State that no duty rests upon the landlord to repair premises which he has demised, or to keep them in tenantable condition, and that there can be no obligation to repair except such as may be created by the agreement of the landlord so to do. (*Witty* v. *Matthews*, 52 N. Y. 512.) Where such agreement has been made, the measure of damages for the breach of the contract is the expense of doing the work which the landlord agreed to do but did not. A contract to repair does not contemplate, as damages for the failure to keep it, that any liability for personal injuries shall grow out of the defective condition of the premises; because the duty of the tenant, if the landlord fails to keep his contract to repair, is to perform the work himself and recover the cost in an action for that purpose, or upon a counterclaim in an action for the rent, or, if the premises are made untenantable by reason of the breach of the contract, the tenant may move out and defend in an action for the rent as upon an eviction. (*Myers* v. *Burns*, 35 N. Y. 269; *Sparks* v. *Bassett*, 49 N. Y. Super. Ct. 270; 1 Taylor Landl. & Ten. [8th ed.] 380.) The tenant is not at liberty, if the landlord fails to keep his contract to repair the premises, to permit them to remain in an unsafe condition and to stay there at the risk of receiving injury on account of the defects in the premises and then recover as for negligence for any injuries that he may suffer. Where the sole relation between two parties is contractual in its nature, a breach of the contract does not usually create a liability as for negligence. In such a case the liability of one of the parties

to the other because of negligence is based either on the breach of some duty which is implied as the result of entering into the contractual relation, or from the improper manner of doing some act which the contract provided for; but the mere violation of a contract, where there is no general duty, is not the subject of an action of tort. (*Courtenay* v. *Earle*, 10 C. B. 83; *Tuttle* v. *Gilbert Manufacturing Co.*, 145 Mass. 169.) As the result of this principle, we conclude that the plaintiff cannot maintain an action against the defendant to recover the damages which she has suffered on the ground of the defendant's negligence in failing to keep his contract to repair. Such is the weight of authority in this country. (*Miller* v. *Rinaldo*, 21 Misc. Rep. 470; *Tuttle* v. *Gilbert Manufacturing Co.*, *supra*; *Flynn* v. *Hatton*, 43 How. Pr. 333; *Spellman* v. *Bannigan*, 36 Hun, 174.)

The cases relied upon by the plaintiff are easily distinguishable. In *White* v. *Sprague* (9 N. Y. St. Repr. 220) the plaintiff was employed by the defendant as janitor of an apartment house belonging to the defendant, and she was injured by the falling of the plastering while at work in a portion of the building. For these injuries she was permitted to recover. In the opinion it was suggested that the landlord might have been liable by reason of his failure to perform his agreement to put the premises in repair, yet it is evident that the liability in that case might well have stood upon the duty of the landlord as an employer to the plaintiff as his servant, and upon that theory only could the case be sustained. The plaintiff also relies upon the case of *Edwards* v. *New York & Harlem Railroad Co.* (98 N. Y. 245). In that case the defendant had leased premises to be used for an exhibition. A gallery had been placed in the hall to accommodate a few people for special purposes, but it was not intended to permit the audience generally to occupy it. The lessee of the premises removed fixtures which had been put in the balcony, and allowed it to be crowded with the miscellaneous audience, and, as the result, the balcony fell, injuring the plaintiff. The court held that as the balcony was intended only to be used for a special purpose, and as there was no proof that it was not sufficient for the purpose for which it was intended, the landlord was not liable for an accident which was caused by a different use. It is true that in that case Judge EARL said that if

the landlord lets premises and agrees to keep them in repair, and fails to do so, in consequence of which any one lawfully upon the premises suffers injury, he is responsible for his own negligence to the party injured. But the liability of the landlord in that case was not claimed to exist upon any such ground, and it was said by the court that if any responsibility could attach to the landlord, it could not be based upon the contract obligation, but must rest entirely upon his *delictum*.

Each of the cases cited by the plaintiff will be found to stand upon the same principle. For this reason she cannot depend upon any one of them as authority to sustain her claim. The interlocutory judgment must, therefore, be affirmed, with costs.

VAN BRUNT, P. J., BARRETT, PATTERSON and O'BRIEN, JJ., concurred.

Judgment affirmed, with costs, with leave to the plaintiff to amend within twenty days on payment of costs in this court and in the court below.