(30 Misc. Rep. 275.)

## ALLINGER v. McKEOWN.

(Supreme Court, Trial Term, New York County.   January, 1900.)

PLEADING—INSUFFICIENT COMPLAINT—NEGLIGENCE.

A complaint which alleged that a dumb-waiter in a tenement house was defective through the defendant's negligence, and that the plaintiff, a tenant, was injured by its falling on him, was insufficient, since it did not allege that the fall of the dumb-waiter, or the injuries suffered, "resulted" from the defendant's negligence.

Action by William Allinger against William J. McKeown. Motion by defendant to dismiss the complaint for insufficiency. Granted.

W. C. Relyea, for plaintiff.
E. S. Clinch, for defendant.

SCOTT, J.   This is an action for damages caused by the fall of a dumb-waiter in an apartment house, of which the defendant is the owner and the plaintiff was a tenant. A special verdict was taken by way of answers to specific questions, the defendant's motion to dismiss the complaint being reserved for further consideration. The point to which the motion is particularly addressed involves the sufficiency of the complaint. After alleging defendant's ownership and control of the property, the complaint alleges as follows:

"Second. That on or about and prior to the 1st day of April, 1897, the defendant wrongfully and negligently kept and maintained upon said premises a defective elevator or dumb-waiter, or an elevator or dumb-waiter with defective parts, for the use and convenience of the tenants and occupants of said premises, and also for the use and convenience of tradesmen lawfully supplying said tenants and occupants, and authorized and invited said tenants and tradesmen to use the same; that the ropes supporting said elevator or dumb-waiter were old and worn, and wholly inadequate and unfit for said use; that the said

ropes were likely to break at any moment, and allow the said dumb-waiter to fall upon and injure the person using it,—of all of which the defendant had due notice. Third. That on or about the 1st day of April, 1897, while the plaintiff was lawfully using said elevator or dumb-waiter, in the ordinary, regular, and proper way, with due care and diligence, and without any fault, want of care, or negligence on his part, the same suddenly fell upon him with great violence, crushing his head, and seriously injuring him in other parts of his body."

The defect in the complaint upon which the defendant relies consists in this: that while it contains sufficient allegations of negligence on the part of defendant, and of injury to plaintiff, it nowhere alleges that the injuries suffered by plaintiff, or the fall of the dumb-waiter which produced those injuries, resulted from defendant's negligence. It is insisted that the mere fact that the defendant has been negligent and the plaintiff has been injured does not create a cause of action, unless it is proven as a fact that the injury resulted from the negligence, and that, as that fact must be proved upon the trial, it must be alleged in the complaint. This objection was taken upon the trial in various forms,—by a motion to dismiss the complaint at the opening of the case, by objection to the receipt of evidence tending to connect the happening of the accident with defendant's negligence, and by the motion to dismiss the complaint at the close of the testimony. Although thus advised of the alleged defect in the complaint, the plaintiff made no motion to amend, and the court, deeming it best that a new trial should, if possible, be avoided, decided to submit the case to the jury, and receive their answers to the submitted questions, reserving the question as to the sufficiency of the complaint. It is a general and well-established rule of pleading, in actions for damages resulting from negligence, that it must appear from the complaint, either by direct averment, or by such facts as to raise the presumption, that the injury was the natural and proximate result of the defendant's negligence. It clearly does not so appear in the present case by direct averment. The plaintiff, however, insists that it does so appear by necessary inference from the facts which are alleged, and appeals to the rule laid down in a number of cases that a cause of action will be deemed to be stated in the complaint whenever the requisite allegations can be fairly gathered from all the averments, although the statement of them may be argumentative, and the pleading deficient in technical language. Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263. This rule, however, requires that the necessary allegations may be gathered from the "averments" in the complaint. In the present case the necessary, but missing, allegation that the fall of the dumb-waiter resulted from the defendant's negligence cannot be gathered from anything in the complaint. Doubtless the pleader mentally connected the two, and the evidence received against the defendant's objection certainly tended to show that the accident was the result of the negligence, but the complaint does not undertake to connect them. Under the more recent authorities, pleadings are no longer construed most strongly against the pleader, but averments are sufficient if they serve to point out the nature of the pleader's claim, and if under them he would be entitled to give the necessary evidence to establish his cause of action.

Coatsworth v. Railway Co., 156 N. Y. 457, 51 N. E. 301. Even under this liberal rule for construing pleadings, the complaint under examination is insufficient. It does not allege that the negligence caused the accident, and, strictly speaking, no proof on that point was receivable. In the absence of such proof, the plaintiff's case would be incomplete. If the plaintiff's evidence upon the trial had followed strictly upon the allegations of the complaint, he would have proved only that upon a certain day the elevator rope was defective, and that upon a certain later day the dumb-waiter fell. This proof would not have established the defendant's liability. The motion to dismiss the complaint must be granted, with costs.

Motion granted, with costs.