(32 Misc. Rep. 680.)

### ANDERSON v. STEINREICH.

(Supreme Court, Appellate Term.    November 8, 1900.)

1. MASTER AND SERVANT—RELATIONSHIP.

    Where plaintiff was employed by defendant as a janitress, and received the use of certain rooms as part payment for her services, the relation of master and servant, and not of landlord and tenant, existed between the parties, and the occupation of the premises was the occupation of a servant.

2. SAME—INJURY TO SERVANT.

    Where a master assigns to a servant a sleeping room, the ceiling of which is cracked, and, on being apprised by the servant of its condition, assures her that it is not dangerous, he is liable to the servant for injuries caused by the fall of the ceiling.

Appeal from city court of New York, general term.

Action by Helma Anderson against Samuel Steinreich. From a judgment for defendant, affirmed by the general term (65 N. Y. Supp. 799), plaintiff appeals. Reversed.

Argued before TRUAX, P. J. and DUGRO and SCOTT, JJ.

F. J. McBarron, for appellant.

M. S. & I. S. Isaacs, for respondent.

PER CURIAM. This is an appeal from an order of the general term of the city court of the city of New York affirming an order denying a motion for a new trial, and the judgment herein, and the judgment of affirmance entered on said order first above mentioned.

It is admitted by the pleadings that at the time of the accident the plaintiff was employed by the defendant as a janitress. The evidence shows that she received the use of certain rooms as part payment for her services as janitress, and that while she was in one of said rooms the plaster on the ceiling thereof fell upon and injured her. The evidence also shows that at the time appellant took possession of said rooms said ceiling was cracked, that the respondent, when his attention was called to the condition of the ceiling, promised to repair it, and that such repairs were never made. We are of the opinion that, under these conditions, the relation of master and servant, and not landlord and tenant, existed between respondent and the appellant, and that the occupation of the premises by the appellant was the occupation of a servant, and not of a tenant. Kerrains v. People, 60 N. Y. 221; White v. Sprague, 9 N. Y. St. Rep. 220. In Schick v. Fleischhauer, 26 App. Div. 212, 49 N. Y. Supp. 962, the appellate division in the First department, in referring to the case of White v. Sprague, supra, said that it is evident that the liability in that case might well have stood on the duty of the landlord as an employer to the plaintiff as his servant, and upon that theory only could the case be sustained. It is to be noticed that in White v. Sprague, supra, the plaintiff was employed by the defendant as janitress of an apartment house belonging to the defendant, and that she was injured by the falling of the plastering in a portion of the building. It was also held by the appellate division in this department in Siedentop v. Buse, 21 App. Div. 592,

47 N. Y. Supp. 809, that a master who assigns to a servant a sleeping room, the ceiling of which is cracked, and who, upon being apprised by her of the condition of such ceiling, assures her that it is not dangerous, and will never come down, is liable for the injuries resulting to the servant from the fall of a part of the ceiling, and that the servant is not chargeable with contributory negligence because she continued to occupy the room beneath the defective ceiling. Judgment and order reversed, and a new trial ordered, with costs to appellant to abide the event.

