### SPERO v. LEVY.

#### (Supreme Court, Appellate Term. February 23, 1904.)

1. ACTIONS—FORM—PLEADINGS—CONTRACT.

A complaint alleging that, in consideration of a promise by defendant to repair the ceiling of premises occupied by plaintiff, plaintiff agreed to occupy the same during the month of July, at a certain rental, which she paid, and that defendant failed to repair the ceiling, by reason of which it fell upon plaintiff, causing injuries, states a breach of contract, and not a cause of action in tort.

2. LANDLORD AND TENANT—CONTRACT TO REPAIR—BREACH—REMEDY OF TENANT.

A contract by a landlord to repair the demised premises does not contemplate as damages for breach any liability for personal injuries arising from the defective condition of the premises, but the remedy of the tenant in case of failure to perform is to repair the premises and deduct the cost from the rent, or, if they become untenantable, to remove therefrom, and sue to recover the expense and loss sustained by reason of the removal.

3. SAME—LIABILITY OF LANDLORD—TORT—ACTION.

There is no obligation on the part of a landlord to repair premises demised by him, except by virtue of a contract, and a breach of such a contract does not give rise to an action in tort.

Appeal from City Court of New York, Special Term.

Action by Ray Spero against Fannie Levy. From an interlocutory judgment of the City Court overruling a demurrer to the complaint, the defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

Carl Schurz Petrasch (Alvin C. Cass, of counsel), for appellant. Gustavus A. Rogers, for respondent.

GIEGERICH, J. The gist of the complaint is contained in the third and fourth paragraphs thereof, which are as follows:

"Third. That, for and in consideration of the express promise of the defendant to repair the ceiling of the premises occupied by the plaintiff, the plaintiff agreed to occupy the premises from the 1st day of July, 1903, to the 31st day of July, 1903, at a rental of twenty ($20.00) dollars, and that the plaintiff has paid to the defendant the aforesaid sum of twenty ($20.00) dollars as rent for the said premises from the said 1st day of July, 1903, to the 31st day of July, 1903.

"Fourth. That the defendant wholly failed, after the date of her said promise, and after reasonable notice, to have the said ceiling put in the proper state of repair, by reason of which, on the 3d day of July, 1903, the said ceiling fell

---

¶ 2. See Landlord and Tenant, vol. 32, Cent. Dig. § 631.

upon the head and body of the plaintiff, causing her to suffer bodily and mental injury, among other injuries cerebral congestion, vertigo, and nervous shock."

In substance, the complaint simply alleges that the defendant entirely failed to carry out a contract for repairs, and the action is therefore one for breach of contract. The plaintiff, however, seeks to recover damages as for a tort.

A contract to repair does not contemplate, as damages for a failure to perform it, that any liability for personal injuries shall grow out of the defective condition of the premises. The remedy of the plaintiff was to have repaired the ceiling, and deducted the cost from the rent, or, if the premises became untenantable because of the lack of repair and breach of contract, to remove from the premises, and sue to recover the expense and loss sustained by reason of the removal.

It is well-settled law in this state that there is no obligation on the part of a landlord to repair premises demised by him, except by virtue of a contract to do so, and that the breach of such a contract and the violation of such contractual obligation do not give rise to an action in tort. In Miller v. Rinaldo, 21 Misc. Rep. 470, 471, 47 N. Y. Supp. 636, 637, it is said:

"So far as the ordinary results of a failure to repair are concerned, the tenant's claim against the landlord must rest wholly upon the latter's contract to make repairs, since the law implies no obligation as to this upon the part of the landlord from anything connected with the legal relation of landlord and tenant. Witty v. Matthews, 52 N. Y. 512. It follows, necessarily, that no greater rights accrue to the tenant from the landlord's contract to repair than would attach to a contract made with the tenant by any third party looking to the making of the same repairs, and in the latter case it is obvious that such party's failure to enter upon the work would not entail liability as for a tort."

In Schick v. Fleischauer, 26 App. Div. 210, 49 N. Y. Supp. 962, the court said (page 211, 26 App. Div., page 963, 49 N. Y. Supp.):

"Where such agreement has been made (the agreement to repair), the measure of damages for the breach of the contract is the expense of doing the work which the landlord agreed to do, but did not. A contract to repair does not contemplate, as damages for the failure to keep it, that any liability for personal injuries shall grow out of the defective condition of the premises; because the duty of the tenant, if the landlord fails to keep his contract to repair, is to perform the work himself, and recover the cost in an action for that purpose, or upon a counterclaim in an action for the rent, or, if the premises are made untenantable by reason of the breach of the contract, the tenant may move out and defend in an action for the rent as upon an eviction."

See, also, Frank v. Mandel, 76 App. Div. 413, 78 N. Y. Supp. 855; Golob v. Pasinsky, 72 App. Div. 176, 76 N. Y. Supp. 388.

The interlocutory judgment entered upon the demurrer must therefore be reversed, and the demurrer sustained, with leave to the plaintiff to amend his complaint upon payment of taxable costs in the court below and the costs and disbursements of this appeal.

Interlocutory judgment reversed, and demurrer sustained, with leave to the plaintiff to amend his complaint upon payment of taxable costs in the court below and the costs and disbursements of this appeal. All concur.