ROSA GOLOB, Appellant, *v.* HENRY PASINSKY, Respondent.

NEGLIGENCE — LANDLORD AND TENANT — ACTION BY TENANT FOR INJURIES RECEIVED FROM THE FALL OF A CEILING — ALLEGATIONS OF COMPLAINT EXAMINED AND HELD NOT DEMURRABLE. Where a complaint, in an action brought by a tenant against his landlord to recover for injuries received from the fall of a ceiling, alleges that the defendant reserved to himself the control of the roof and ceilings in the building and apartment occupied by plaintiff, and that by reason of his negligence in permitting the roof of said building and the ceiling of said apartment to be and remain in a dangerous condition the plaster from the ceiling, in one of the rooms in said apartment occupied by plaintiff, fell and struck plaintiff on the head and back, thereby causing the injuries for which the action was brought, such complaint is not demurrable upon the ground that it does not state facts sufficient to constitute a cause of action, since the allegation is explicit that by the negligence of the defendant the roof was permitted to become dangerous and out of repair, and that by the dangerous condition caused by the negligence of the defendant the plaster of the ceiling fell and injured the plaintiff; and while it may not be clear how the defective condition of the roof caused the ceiling to fall, that is a matter of proof, not of pleading.

*Golob* v. *Pasinsky*, 82 App. Div. 637, reversed.

(Argued May 5, 1904; decided May 17, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 9, 1903, which affirmed a final judgment dismissing the com-

plaint for failure to pay costs and amend after an interlocutory judgment sustaining a demurrer to the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Theodore B. Chancellor* and *Abraham Gruber* for appellant. The plaintiff was injured through the fall of a portion of a ceiling of which the defendant had control; the fall being due to the fact that the defendant negligently permitted the ceiling to be and become defective, out of repair and dangerous, he is, therefore, liable to plaintiff for the injuries sustained. (*Dollard* v. *Roberts*, 130 N. Y. 269; *Henkel* v. *Murr*, 31 Hun, 28; *Donner* v. *Ogilvie*, 49 Hun, 229; *Stabenhorst* v. *A. M. Co.*, 15 Abb. Pr. [N. S.] 355; *Peil* v. *Reinhart*, 127 N. Y. 381; *Nadel* v. *Fichten*, 34 App. Div. 188; *Citron* v. *Bayley*, 36 App. Div. 130; *Levy* v. *Korn*, 30 Misc. Rep. 199; *Levine* v. *Baldwin*, 87 App. Div. 150; *Harris* v. *Boardman*, 68 App. Div. 436.) Connection is shown between the defective condition of the roof, the fall of the ceiling and the plaintiff's injuries. (*Oldfield* v. *N. Y. & H. R. R. Co.*, 14 N. Y. 310; *Edgerton* v. *N. Y. & H. R. R. Co.*, 39 N. Y. 227; *Leeds* v. *N. Y. T. Co.*, 64 App. Div. 484; *Fahr* v. *M. R. Co.*, 9 Misc. Rep. 57; *Allinger* v. *McKeown*, 30 Misc. Rep. 275.) A demurrer to a complaint on the ground that it does not state facts sufficient to constitute a cause of action will not be sustained where the facts directly alleged and those which by fair and reasonable intendment may be implied from the direct allegations show a cause of action. (*Wenk* v. *City of New York*, 171 N. Y. 607; *Marie* v. *Garrison*, 83 N. Y. 14.)

*Alvin C. Cass* and *Carl Schurz Petrasch* for respondent. The defendant is not liable in tort for his failure to repair the ceiling in plaintiff's apartment, and hence is not liable for damages for personal injuries arising from the defective condition of the ceiling. (*Schick* v. *Fleischhauer*, 26 App. Div. 210; *Frank* v. *Mandel*, 76 App. Div. 113; *Rich* v. *N. Y. C.*

*& H. R. R. R. Co.*, 87 N. Y. 382; *O'Dwyer* v. *O'Brien*, 13
App. Div. 570; *Peil* v. *Reinhart*, 127 N. Y. 381; *Dollard*
v. *Roberts*, 130 N. Y. 269.) There is no connection shown
between the defective condition of the roof and the accident
to the plaintiff. (*Clark* v. *Dillon*, 97 N. Y. 370; *Hammel*
v. *Washburn*, 49 App. Div. 119; *Browne* v. *E. S. Co.*, 44
App. Div. 598; *Greeff* v. *E. L. Ins. Co.*, 160 N. Y. 19;
*Douglas* v. *P. Ins. Co.*, 63 Hun, 393; *Church* v. *Butterfield*,
19 Misc. Rep. 265.)

Cullen, J. The action is for personal injuries. The com-
plaint alleges that the defendant was the owner of a tenement
house in the city of New York divided into separate apart-
ments, one of which, on the upper floor, was rented by the
plaintiff's husband and occupied by him and his family. It
further alleges " that the defendant had and reserved to him-
self control of the roof and ceilings in said building and
apartments therein, as well as other parts and portions of said
building during all the times herein mentioned." It is also
charged that the defendant negligently suffered the roof of
the said building and the ceilings in the plaintiff's apartment
to become and remain in so defective and dangerous condition
that " by reason of the carelessness and negligence on the part
of the defendant in permitting the roof of said building and
the ceilings of said apartment to be and remain in a danger-
ous condition as aforesaid, a large piece of plaster or other
substance from the ceiling in one of the rooms in said apart-
ment occupied by plaintiff, fell and struck plaintiff on the
head and back." To this complaint the defendant demurred
on the ground that it did not state facts sufficient to consti-
tute a cause of action.

The learned judge at Special Term overruled the demurrer,
holding that while there was no sufficient connection pleaded
between the condition of the roof and the falling of the ceil-
ing, the allegation that the defendant reserved control of the
ceiling was sufficient to render him responsible for its condi-
tion. The Appellate Division reversed the judgment below

on the ground that the liability of the landlord for a breach of his covenant to repair was simply *ex contractu* for the cost of the necessary repairs and not *ex delicto* for injuries inflicted thereby on the tenant or third parties. (*Schick* v. *Fleisch-hauer*, 26 App. Div. 210.) The learned court conceded the rule which imposes liability on landlords for negligence in maintaining the stairs, halls and ways of passage over which they retain control and which are used in common by the various tenants (*Dollard* v. *Roberts*, 130 N. Y. 269 ; *Looney* v. *McLean*, 129 Mass. 33), but held that as the ceiling was a part of the demised premises, the rule did not apply to the present case. It will thus be seen that the difference of opinion in this case relates not so much to the rules govern-ing the liability of landlords of apartment houses for defects in their condition as it does to the proper construction of the plaintiff's pleading. Doubtless the demise of an apartment includes a demise of the ceilings therein, and in such a case the liability of the defendant would be governed by the ordinary rule which obtains between landlord and tenant. But the plaintiff expressly alleges that the defendant " had and reserved to himself control of the roof and ceilings in said building and apartments therein." This is an allegation of fact, not that the defendant covenanted to repair the roof of the building and the ceilings, but that he reserved to himself control of the same ; in other words, that they did not constitute a part of the demised premises. It may be very improbable that a landlord reserved or excepted the ceiling of an apartment from a demise of the apartment, but unless it can be said that such a reservation is impossible as a matter of law, I do not see how the effect of the plain and specific allegation of the complaint in this respect can be avoided. However this may be, there is no such difficulty with the reserva-tion of the roof. As a matter of common custom and prac-tice in apartment houses it is not demised to any particular tenant, but possession and control is retained by the landlord. Nor, so far as the pleading is concerned, do we see any break in the chain of causation between the negligence of the

defendant in respect to the condition of the roof and the injury to the plaintiff. The case of *Allinger* v. *McKeown* (30 Misc. Rep. 275 ; 50 App. Div. 628), cited by the learned trial judge, is not in point. There the action was for personal injuries. It was alleged that a dumbwaiter or elevator in common use by all the tenants was negligently suffered to become out of repair, and that while the plaintiff was at the shaft, without any fault on her part, the waiter fell and injured her. The defect of the pleading in that case lay here : It did not aver that the fall of the elevator was occasioned by the defective condition in ·which it was allowed to remain by the defendant, and for all that was stated in the complaint it might have fallen from the independent act of some third party, to which its defective condition did not contribute. Logically the objection is well founded and had it been taken by demurrer when pleadings are to be scanned with some strictness it should have prevailed. But as it was raised only on the trial after proof given it seems a little liberality by way of permitting an amendment to the complaint might well have been extended to the plaintiff. There is no such defect in the complaint before us. The allegation is explicit that by the negligence of the defendant the roof was permitted to become dangerous and out of repair and that by the dangerous condition caused by the negligence of the defendant the plaster of the ceiling fell and injured the plaintiff. How the defective condition of the roof caused the ceiling to fall was a matter of proof, not of pleading.

The judgment of the Appellate Division should be reversed and demurrer overruled, with costs in all the courts, and that of the Special Term affirmed, with leave to the defendant, within twenty days, on payment of costs, to withdraw demurrer and serve answer.

O'BRIEN, BARTLETT and MARTIN, JJ., concur ; PARKER, Ch. J., GRAY and VANN, JJ., dissent on opinion of PATTERSON, J., below.

Judgment reversed, etc.