(57 Misc. Rep. 192.)
### GOETCHIUS v. GALE.

(Supreme Court, Special Term, New York County. December, 1907.)

1. LANDLORD AND TENANT—FALL OF CEILING—LIABILITY OF LANDLORD.
    A failure of a landlord of an apartment house to repair the ceiling gives no right of action for injuries to the occupant by the falling of a portion thereof, due to a breach of the landlord's covenant to repair, in the absence of an allegation that the apartment was within his control.

2. SAME—DUTY OF LANDLORD.
    Tenement House Act, Laws 1901, pp. 913, 1362, cc. 334, 355, only require a landlord to see that the ceilings are kept in a clean and sanitary condition.

3. SAME—ACTION AGAINST LANDLORD.
    The description in a complaint in an action against a landlord of the apartment as "an apartment or tenement house" is insufficient to show that the tenement house act is applicable to the particular property.

Action by Amelia E. Goetchius against Loring R. Gale. On demurrer to complaint. Sustained.

Cyrus C. Miller, for the demurrer.
Ossoski & Levy, opposed.

BISCHOFF, J. The action is for a negligent injury to the plaintiff by reason of the fall of a portion of the ceiling in an apartment occupied by her in a building described as "an apartment or tenement house" maintained by the defendant. It is not alleged that this part of the house was within the landlord's control; and, in the absence of such an averment, the mere failure to repair a portion of the demised premises gives no right of action for a personal injury due to

the breach of an agreement to repair. Schick v. Fleischhauer, 26 App. Div. 210, 49 N. Y. Supp. 962; Golob v. Pasinsky, 178 N. Y. 458, 70 N. E. 973.

The suggestion of plaintiff's counsel that a duty was imposed by the tenement house act (Laws 1901, p. 913, c. 334, §§ 102, 103, 105; Laws 1901, p. 1362, c. 555), upon the landlord to keep the ceilings safe and in repair is in no way borne out by the statute, which at best requires that the ceilings be kept in a clean and sanitary condition. To comply with the statute, no right of entry was necessarily reserved to the landlord for the purpose of making repairs, nor did he have control of the demised premises for this purpose. Moreover, the premises are described in the complaint as "an apartment or tenement house," and no words of description are used such as would disclose the application of the tenement house act to this particular property.

The demurrer is therefore sustained, with costs, with leave to the plaintiff to amend within 20 days upon payment of costs.

Demurrer sustained, with costs, with leave to plaintiff to amend within 20 days upon payment of costs.