CUILHE v. ACKERMAN.

(Supreme Court, Appellate Term. April 10, 1908.)

LANDLORD AND TENANT—COVENANT TO REPAIR—BREACH.

A tenant cannot maintain an action against his landlord to recover damages resulting from defendant's negligence in failing to keep his contract to repair.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Rosalie Cuilhe against William C. Ackerman. From an interlocutory judgment in favor of plaintiff, overruling defendant's demurrer, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Bertrand L. Pettigrew, for appellant.

PER CURIAM. The complaint alleges that the plaintiff was a tenant of an apartment in the defendant's tenement house; "that plaintiff and her family became tenants of the defendant at said premises on or about April 1, 1905, and before paying her first month's rent, and at the time of inspecting said apartment with a view to renting same, called the attention of the defendant, his agents and servants, to the bad condition of the repair thereof, and particularly to the ceiling, from which the plaster fell, stating that it was in bad repair, and that unless same was properly repaired she would not move in; that said defendant, his agents and servants, promised to have the aforesaid repairs duly made if said plaintiff paid her first month's rent and moved in said premises, relying upon which statement plaintiff paid said rent and moved into said premises." The complaint further alleges that thereafter plaintiff called the attention of the defendant, his agents and servants, to the dangerous condition of the ceiling, and that defendant, his agents and servants, nevertheless negligently and carelessly permitted it to remain in said dangerous condition, and as a result of the negligence of the defendant, his agents, servants, and employés, the plaster fell and injured the plaintiff. The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The court below overruled the demurrer, and from this interlocutory judgment, entered upon that decision, the defendant appeals to this court.

The plaintiff cannot maintain an action against the defendant to recover damages because of the defendant's negligence in failing to keep his contract to repair. Schick v. Fleischhauer, 26 App. Div. 210, 49 N. Y. Supp. 962; Boden v. Scholtz, 101 App. Div. 1, 91 N. Y. Supp. 437, and cases cited.

The judgment is reversed, and the demurrer sustained, with costs, with leave to the plaintiff to plead anew within five days, upon payment of the costs in the court below and the costs of this appeal.