(79 Misc. Rep. 229.)

## WEISS v. VALENSTEIN.

(Supreme Court, Appellate Term, First Department.   February 7, 1913.)

LANDLORD AND TENANT (§ 164*)—FALLING CEILING—NEGLIGENCE.

A tenant cannot recover for injuries caused by a falling ceiling, even though she relied on the promise of the janitor to take care of it, having noticed that it was cracked, where there is no evidence of any duty by the owner other than a contract duty.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–641;  Dec. Dig. § 164.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Annie Weiss against Julius Valenstein. Judgment for plaintiff, and defendant appeals. Reversed.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

James I. Cuff, of New York City, for appellant.
L. B. Brodsky, of New York City, for respondent.

PAGE, J. This action is brought to recover damages for injuries sustained by the plaintiff by reason of the falling of a ceiling in her apartment, which she rented from the defendant. The evidence on behalf of the plaintiff was that the ceiling had been cracked for some time before it fell, and the plaintiff had notified the janitor, who was a brother of the defendant and in charge of the property, of its dangerous condition. The defendant's brother looked at it and said:

"I am responsible for the ceiling. It is in good condition for about two years yet, and don't worry."

After reviewing the evidence, the court charged the jury:

"The question before you, gentlemen, is this: Whether this woman, Anna Weiss, had a conversation with this man, Louis Valenstein; whether she relied upon his promise to make good the repairs on that ceiling, and, relying upon that promise, she remained in those premises and was injured. * * * Now, if you find from all the facts and circumstances in this case that there was a promise made by this man, Louis Valenstein, to Mrs. Weiss, that he would repair that ceiling, and that she, relying upon that promise, remained there, then you may find such verdict for the plaintiff," etc.

It is well-settled law that a tenant cannot recover from his landlord, under a contract to repair, damages for personal injuries sustained by reason of the unsafe condition of the premises. De Negro v. Christman, 77 Misc. Rep. 147, 151, 136 N. Y. Supp. 364. To support such a recovery there must appear to be some duty imposed by law upon the landlord independent of his contract. Schick v. Fleischhauer, 26 App. Div. 210, 49 N. Y. Supp. 962; Frank v. Mandel, 76 App. Div. 413, 78 N. Y. Supp. 855. The charge to the jury was erroneous, and the judgment must accordingly be reversed. A careful examination of the record fails to disclose any evidence from which it could be found that there was a duty in the defendant to repair the ceiling, other than a contractual one. Therefore no recovery for negligence can be supported by the testimony. The alleged representations of the defendant's janitor as to the safety of the apartment were clearly nothing more than expressions of opinion on his part, and it is not shown that as defendant's agent he had any authority to guarantee the safety of the premises. The motion of the defendant's attorney to dismiss the complaint should have been granted, as there was no evidence upon which the jury could find for the plaintiff.

The judgment appealed from is reversed, with costs, and the complaint dismissed, with costs. All concur.