(89 Misc. Rep. 568)

### STOECKER v. HEARST et al.

(Supreme Court, Special Term, New York County. March, 1915.)

LANDLORD AND TENANT ⚖️164—INJURY TO TENANT—UNSAFE PREMISES— LIABILITY OF GRANTEE.

 Where the grantee of leased premises owes no duty to repair a ceiling of an apartment of which the tenant has possession and control to the exclusion of the grantee, whose alleged wrongdoing consists merely in allowing the condition of the ceiling to remain unchanged after purchase of the property, it is not liable for injuries to the tenant from being struck by plaster, which falls because of the unsafe condition of the ceiling.

 [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–637, 639, 641; Dec. Dig. ⚖️164.]

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by Ernest Stoecker against William Randolph Hearst and others. On motion of defendant for judgment on the pleadings. Motion granted.

Henry A. Gordon, of New York City, for plaintiff.

B. L. Pettigrew, of New York City, for defendants.

GUY, J. The complaint alleges that the individual defendant, having, as plaintiff's landlord, the exclusive care and control of the heating apparatus in the building containing the demised apartment, negligently and carelessly permitted said heating apparatus, particularly in the apartment above that occupied by the plaintiff, to become and remain in a defective and dangerous condition, and old, worn, leaky, and out of repair, and dangerous to the lives of persons occupying the plaintiff's apartment; that as a result of said negligence water leaked through and settled upon the ceiling of the plaintiff's apartment, causing the ceiling to become loose, insecure, unsafe, and dangerous, and to be a menace, of all of which the said defendant had notice; that on or about April 20, 1914, the individual defendant conveyed the premises to the defendant corporation, and that the corporation allowed the ceiling of plaintiff's apartment to remain in a loose, insecure, unsafe, and dangerous condition, so that on or about July 16, 1914, large pieces of plaster fell from the ceiling, striking the plaintiff and inflicting the injuries to recover damages for which the action is brought.

It appears on the face of the complaint that the defendant corporation is not responsible in any manner for the conditions which, as claimed by the plaintiff, caused the ceiling to be unsafe and dangerous. The alleged wrongdoing of the new landlord consisted in allowing the condition which existed at the time it purchased the property to remain unchanged; but as the plaintiff had possession and control of his apartment to the exclusion of the new landlord, which was under no obligation to make repairs to the ceiling, it is evident that no cause of action is stated against the corporation. Schick v. Fleischhauer, 26 App. Div. 210, 49 N. Y. Supp. 962; Kushes v. Ginsberg, 99 App. Div. 417, 91 N. Y. Supp. 216, affirmed 188 N. Y. 630, 81 N. E. 1168.

Motion of defendant corporation for judgment on the pleadings granted, with $10 costs.

Motion granted, with $10 costs.