GOLDSTEIN v. RODGERS & HAGERTY, Inc.

(Supreme Court, Appellate Division, First Department.  June 10, 1915.)

MUNICIPAL CORPORATIONS ☞816—SUBWAYS—ACTIONS FOR INJURIES—COMPLAINT.

A complaint in an action for injuries sustained in falling into a subway under construction by defendant, through plaintiff's horse becoming frightened by defendant's engines, stated no cause of action, when there was no allegation that defendant's negligence was the proximate cause of the injury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1711–1716, 1718, 1720–1723; Dec. Dig. ☞816.]

Appeal from City Court of New York, Trial Term.

Action by Harry Goldstein against Rodgers & Hagerty, Incorporated.  From a judgment for plaintiff, and an order denying defendant's motion for a new trial, defendant appeals.  Reversed and rendered.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

Frank Verner Johnson, of New York City (Frank Verner Johnson, and Edward F. Lindsay, both of New York City, of counsel), for appellant.

Samuel S. Marcus, of New York City, for respondent.

GUY, J. In this action to recover damages˙ for personal injuries, sustained through the alleged negligence of the defendant, there are two questions presented:

First. Was the court's refusal to dismiss the complaint, made at the opening of the trial, upon the ground that the complaint does not state facts sufficient to constitute a cause of action, reversible error?

Second. If it be assumed that the plaintiff proved a prima facie case for submission to the jury (the defendant offering no evidence), can the defect in the pleading be cured on this appeal?

The complaint alleges that the defendant was engaged in the construction of a section of the subway at a point approximately in front of the building No. 256 East 138th street, borough of the Bronx; that in connection with said construction the defendant erected and maintained a temporary wooden driveway for the use of wagons and vehicles over the excavation, and also maintained traction engines or locomotives for the hauling of material excavated from and to be built into the tunnel; that on or about September 5, 1913, a furniture van, of which the plaintiff had charge, was on the temporary wooden driveway opposite the premises in question; that while the plaintiff was engaged in loading the van with furniture the defendant carelessly and negligently permitted one of its traction engines or locomotives to approach the place where the van was standing and in close proximity to the plaintiff's horses, and at the same time to make loud noises and emit clouds of steam in the faces of the horses, so that the horses became frightened and attempted to run away, resulting in the horses falling off the temporary wooden roadway into the subway excavation; that upon the horses becoming frightened the plaintiff, their driver, attempted to stop them, and to extricate them from the excavation into which they had fallen, "with the result that, while engaged in attempting to do this work, plaintiff was caused to be thrown into said excavation or tunnel, and to fall to the bottom thereof with great force and violence," sustaining the injuries complained of.

Although the complaint states a cause of action in favor of the owner of the horses alleged to have fallen into the excavation, it is clear that none is stated in favor of the plaintiff; there being no allegation that the negligence of the defendant as pleaded was a proximate cause of his falling into the tunnel. The court denied a motion, made after the jury was impaneled, to dismiss the complaint, on the ground that it does not state facts sufficient to constitute a cause of action. The plaintiff put in his testimony, without any effort on his part to have the complaint amended, and the defendant offered no evidence.

In Pagnillo v. Mack Paving Const. Co., 142 App. Div. 491, 127 N. Y. Supp. 72, the trial court denied a motion for the dismissal of the complaint, made at the opening of the trial, and the plaintiff was al-

lowed to introduce testimony upon which the jury awarded him a verdict. The appellate court reversed the judgment, for the reason that the defendant's motion at the opening of the trial should have been granted. In Allinger v. McKeown, 30 Misc. Rep. 275, 63 N. Y. Supp. 221, affirmed 50 App. Div. 628, 64 N. Y. Supp. 1131, another action to recover damages sustained through the alleged negligence of the defendant, the complaint alleged that the plaintiff was injured by the fall of a dumbwaiter, but failed to state that the injuries resulted from the alleged negligence. Mr. Justice Scott took a special verdict at trial term, reserving the question of insufficiency of the complaint, and thereafter dismissed the complaint, upon the ground that it failed to state facts sufficient to constitute a cause of action.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.